UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>KNITTING FEVER, INC., a New York corporation, et al.,<br><br>           Defendant. | CASE NO. C10-861RSM<br><br>ORDER |

This matter is before the Court for consideration of defendant Knitting Fever, Inc.'s ("KFI"'s) Rule 56(d) motion to continue a motion for partial summary judgment filed by plaintiff. Dkt. # 157. Plaintiff's motion requests summary judgment on its claims for unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1051, and unfair competition under the Washington Consumer Protection Act, RCW 19.86.020 ("CPA"). Dkt. # 151. Defendant's motion asserts, in effect, that the summary judgment motion is premature. The Court agrees. Although plaintiff has strenuously opposed KFI's motion for a continuance, the Court finds cause to grant it.

ORDER - 1

Rule 56 states, in relevant part,

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declaration or to take discovery; or
>
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).

As the Ninth Circuit Court of Appeals has explained, "[t]o prevail under Fed. R. Civ. P. 56(f),[1] parties opposing summary judgment must make (a) a timely application which (b) sufficiently identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Int'l Serv. Ass'n. v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). "Rule 56(f) motions should be granted almost as a matter of course unless the moving party has not diligently pursued discovery of evidence." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Chance v. Pac-TelTeletrac, Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996).

---

[1] Pursuant to the amendments to Rule 56 effective December 1, 2010, the relevant provision now appears at paragraph 56(d) instead of 56(f).

Defendant KFI has met the requirement of showing by declaration that it cannot present facts essential to justify its opposition to the summary judgment motion. Plaintiff's motion is based on fiber analysis conducted by Dr. Kenneth Langley of K.D. Langley Fiber Services. Dkt. # 152. As discovery has not yet begun in this case---indeed, no answer has been filed and no case scheduling Order has been entered---defendant has not had an opportunity to depose Dr. Langley or subject the fiber samples to independent testing. Declaration of Joshua Slavitt, Dkt. # 158. KFI cannot therefore put forth any evidence to controvert plaintiff's motion.

Plaintiff appears to argue that defendant has not diligently pursued discovery, citing to a companion case in Pennsylvania where "in the two years of litigating the case in the Eastern District of Pennsylvania, KFI has yet to take a single deposition, request a sample for inspection, or issue a subpoena to Professor Langley." Plaintiff's Opposition, Dkt. # 166, p. 4 n. 5. While the Court may, upon request, take judicial notice of activity in other courts, it will not impute defendant's action or inaction in another case to its obligations in this one. Discovery has not yet opened here, so it cannot be said that KFI has failed to diligently pursue it.

An additional basis for granting the Rule 56(d) motion is the fact that the Court has not yet ruled on the motion to dismiss for lack of personal jurisdiction filed by defendant Filatura Pettinata VVG Di Stefano Vaccari & C (SAS) ("Filature"), Dkt. # 88. Plaintiff's motion requests summary judgment as to the two claims (unfair competition and violation of the CPA) without limitation as to defendant. However, the Court has not yet considered the question of jurisdiction over defendant Filatura. The Court also notes that plaintiff has now filed a motion for leave to file a second amended complaint, which if granted may change the parties or nature of the claims. In light of these considerations, the summary judgment motion is premature.

1   Defendant KFI's Rule 56(d) motion is accordingly GRANTED.  Plaintiff's motion for
2  partial summary judgment (Dkt. # 151) shall be taken off the Court's calendar, subject to re-
3  noting at a later time, and no earlier than sixty days after a case scheduling Order has been
4  entered.  The response and reply, and supporting declarations (Dkt. ## 169, 170, 178, 179) are all
5  STRICKEN as moot.
6   Dated January 20, 2011.

   RICARDO S. MARTINEZ
   UNITED STATES DISTRICT JUDGE