UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>KNITTING FEVER, INC., a New York corporation, et al.,<br><br>            Defendant. | CASE NO. C10-861RSM<br><br>ORDER ON SECOND MOTION FOR EXPEDITED DISCOVERY |

Plaintiff Cascade Yarns, Inc., ("Cascade") has moved for expedited discovery to take samples of yarn stored in defendant's warehouse. Dkt. # 132. Specifically, plaintiff asks that it be allowed to enter its choice of defendants' facilities to remove samples of seventeen specified yarns for sampling and fiber analysis. Dkt. # 32-1. Defendant has opposed the motion. Although the Court has in the past granted a motion by plaintiff for limited expedited discovery, this motion arises under different circumstances and shall be denied.

DISCUSSION

Plaintiff filed this motion "to acquire discovery on evidence that is both exigent in nature and highly susceptible to spoliation." Dkt. # 132, p. 1. Plaintiff asserts that defendants have "undertaken two inculpatory acts" since defendant Sion Elalouf signed a Continuing Guarantee pursuant to 15 U.S.C. §68(g) of the Wool Products labeling Act. *Id.* Specifically, according to plaintiff, defendants have continued to ship mislabeled cashmere-blend products which contain surplus wool, and have refused to sell to their customers mislabeled cashmere-blend products which contain excessive acrylic. *Id.*, pp. 1-2.

Plaintiff contends it should be allowed to inspect defendant Knitting Fever, Inc.'s ("KFI's") warehouses and remove product because the evidence is "likely to disappear." Cascade's Motion, Dkt. # 132, p. 3. This allegation is based upon the Declaration of Linda Lucente, a yarn store owner, who tried to purchase an order of Louisa Harding Kashmir DK yarn from KFI by telephone. She was told by the KFI sales person that this yarn had been discontinued and was not available to be shipped. Declaration of Linda Lucente, Dkt. # 134, ¶ 3. Ms. Lucente noted that the same yarn was still available on the website, and the salesperson responded that KFI was "simply trying to empty the warehouse." *Id.*, ¶ 4. Plaintiff contends that if KFI continues to sell and ship this and other yarns, they may not be available for testing when discovery opens, so they need to obtain samples now.[1]

---

[1] Plaintiff's Reply Declaration establishes that as of December 23, 2010, the Louisa Harding Kashmir DK yarn was still for sale on the KFI website. Declaration of Robert Guite, Dkt. # 149. This declaration is problematical as counsel appears to be acting as a witness in this matter. Further, the fact that the yarn was available for sale on the website would refute plaintiff's contention that it needs discovery to obtain this yarn from defendant's warehouse. Plaintiff has not explained why it could not simply purchase the yarn from the website to obtain samples.

1  In opposing the motion for expedited discovery, defendant has assured the Court that it is
2  well aware of its obligations regarding preservation of evidence, as well as the penalties for
3  spoliation.  Mr. Elalouf has filed a declaration stating that KFI has retained and will preserve
4  several packs of Louisa Harding Kashmir DK yarn.  Declaration of Sion Elalouf, Dkt. # 146.
5  The Court assumes that the same measures have been taken or will be taken with the other yarn
6  varieties which are the subject of plaintiff's motion, and hereby directs defendant KFI to do so.
7  In light of this assurance, the Court finds no cause to grant plaintiff leave to conduct early
8  discovery.  The Court notes that an Order Directing Initial Disclosures and Joint Status Report
9  has been filed, and as a result discovery will open shortly.  Dkt. # 204.

## CONCLUSION

11  Plaintiff's motion for expedited discovery is based upon a speculative fear of spoliation
12  of evidence.  Defendant has assured the Court that it is aware of the penalties for spoliation of
13  evidence, and that no such spoliation shall occur.   The parties have been directed to conduct
14  their Rule 26 scheduling conference and a Scheduling Order allowing the parties to begin full
15  discovery shall be issued shortly,   Under these circumstances, plaintiff's motion for expedited
16  discovery shall be DENIED.

18  Dated March 16, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE