1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNITTING FEVER, INC., a New York corporation, et al.,,<br><br>Defendant. | CASE NO. C10-861RSM<br><br>ORDER |

This matter is before the Court for consideration of plaintiff's motion for alternative service of process pursuant to Fed.R.Civ.P. 4(f)(3). Dkt. # 162. Plaintiff asks that the Court authorize service of process upon David Watt through his attorney. Mr. Watt was dismissed from this action in January 2011, when the Court determined that he had insufficient contacts with the State of Washington to establish long-arm jurisdiction, and that service of process upon him in England could not subject him to the jurisdiction of this Court under the Racketeer Influenced and Corrupt Practices Act ("RICO"), 18 U.S.C. §1864. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Dkt. # 161, p. 11, 12. Plaintiff by this motion

ORDER - 1

seeks to accomplish service upon Mr. Watt within the United States so as to bring him under the jurisdiction of this Court and subject to the RICO allegations in the complaint.

The RICO statute provides, in relevant part,

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b).  As noted in the Court's earlier Order, this section provides for nationwide service of process for civil RICO complaints.  However, it does not authorize service outside the United States, and indeed, a defendant served outside the United States is not subject to RICO jurisdiction.  As one court of this circuit has noted, since RICO did not provide for worldwide service, "it would be inappropriate for a federal court to effectively extend the territorial reach of a federal statute by applying a national contacts test for personal jurisdiction where service is not effected pursuant to that federal statute. . . RICO does not apply where, as here, the defendant is served outside of the United States."  *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1183-84 (C.D.Cal.1998).

Plaintiff now asks that the Court authorize service on Mr. Watt through his attorney pursuant to Rule 4(f)(3).  This section states, in relevant part,

> **Service Upon Individuals in a Foreign Country**. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed ... may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention ...; or
>
> . . . .

ORDER - 2

      (3) by other means not prohibited by international agreement as may be directed by the court.

Fed.R.Civ.P. 4(f).

      The Ninth Circuit Court of Appeals has noted that alternative service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief . . . . It is merely one means among several which enable service of process on an international defendant." *Rio Properties v. Rio International Interlink,* 284 F. 3d 1007, 1015 (9th Cir. 2002.) Alternative service methods approved by courts include publication, ordinary mail, email, and delivery to a defendant's attorney. *Id.*, at 1016 (collecting cases). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004).

      The Court declines to exercise its discretion to authorize alternative service upon Mr. Watt. The Court has already determined that plaintiff has not demonstrated that Mr. Watt has sufficient minimum contacts with the State of Washington for long-arm jurisdiction. Jurisdiction over him therefore depends on service of process under RICO, which must be served "**in** any judicial district of the United States." 18 U.S.C.§1965(b) (emphasis added.). Because Rule 4(f)(3) addresses, by its very terms, "service upon individuals in a foreign country" and allows service "in a place **not** within any judicial district of the United States," service upon Mr. Watt's attorney cannot qualify as service in the United States for the purposes of RICO jurisdiction.

//

//

//

ORDER - 3

1 | Plaintiff's motion for alternative service (Dkt. # 162) is accordingly DENIED.

2 | Dated this 18th day of March 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4