UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>KNITTING FEVER, INC., a New York corporation, et al.,,<br><br>                Defendant. | CASE NO. C10-861RSM<br><br>ORDER ON PENDING MOTIONS |

This matter is before the Court for consideration of two motions filed by plaintiff Cascade Yarns, Inc. ("Cascade"): a motion for leave to file a Third Amended Complaint ("TAC"), Dkt. # 224; and a motion to strike, Dkt. # 201; together with a motion to dismiss by counter-claim defendant Shannon Dunbabin, Dkt. # 232. Having considered the motions and the responses, together with the entire record, the Court now finds and ORDERS as follows:

(1) <u>Motion for Leave to File TAC</u>

Plaintiff has moved for leave to file a Third Amended Complaint, adding claims based on recently-discovered evidence regarding "milk fiber" yarn. Leave to amend shall be freely given

when justice so requires, subject to the following considerations: undue prejudice to the defendant, bad faith, futility, and undue delay. Fed.R.Civ.Proc. 15(a)(2); *Forsyth v. Humana, Inc.*, 114 F. 3d 1467, 1482 (9th Cir. 1997). Defendants have not argued that plaintiff's motion is brought in bad faith, nor that amendment would be futile. Defendants do assert that plaintiff unduly delayed in seeking leave to amend, since at least some of the information regarding the milk fiber yarn was available to plaintiff at the time it filed the Second Amended Complaint. That is, however, not a basis for finding undue delay. Plaintiff chose to file a motion for preliminary injunction regarding the milk fiber yarns, believing that they were included in the original and subsequent complaints. When the Court ruled otherwise, finding that it could not grant injunctive relief as to factual allegations which had not been included in the complaint, plaintiff then promptly moved for leave to amend. The Court has, indeed, anticipated this motion. The Court finds that the four months that passed between the first test results on the milk fiber yarn and the filing of the motion do not constitute undue delay, but rather represent reasonable investigation time.

     Defendants' main argument against amendment is based on undue prejudice. However, the prejudice alleged is the burden of having to file an answer to the new allegations, which does not constitute prejudice as that term is intended in Rule 15 analysis. Neither does the possibility of facing another preliminary injunction motion constitute prejudice. Defendants also assert that "yet another motion to amend the complaint will be sure to follow." Defendants' Opposition, Dkt. # 228, p. 4. Such speculation does not amount to prejudice. Any further requests by plaintiff to amend the complaint will be closely scrutinized, as the Court shall shortly issue the Scheduling Order that was discussed at the May 17, 2011 telephone conference. Dtk. # 244. The Court at that time set the trial date well after the date requested by plaintiff, in anticipation

that this motion for leave to file a TAC would be granted. The June 2012 trial date accommodates the TAC, but any further amendment will jeopardize the firm trial date that has been set.

Defendants also complain that "Cascade has consistently sought to undo what the Court has done[,]" citing the inclusion of dismissed defendant Davit Watt in the Second Amended Complaint. Defendants' Opposition, Dkt. # 228, p. 5. The Court notes that Mr. Watt has been omitted from the TAC, consistent with the dismissal. Defendants' concern on this point has therefore been addressed.

The Court finds that it is in the interest of justice and of judicial economy to allow the filing of a TAC. Plaintiff's motion (Dkt. # 224) is accordingly GRANTED. Plaintiff shall promptly file the TAC on the Court's docket.

(2) <u>Motion to Strike</u>

Plaintiff has moved pursuant to Fed.R.Civ.P. 12(f) to strike Paragraphs 127-131 of defendants' Answer to the SAC, Dkt. # 199. In these paragraphs, defendant Jay Opperman declined to respond to the RICO allegations asserted against him in the SAC. Defendants took the position that the Court's earlier dismissal of Mr. Opperman on jurisdictional grounds was a ruling on the merits of the RICO claims against him. However, the Court's earlier ruling was that the first Amended Complaint failed to state a claim under RICO against Mr. Opperman, because it lacked personal jurisdiction over him. Dkt. # 161, p. 18. This was not a ruling on the merits of the RICO claim. Plaintiff was subsequently given leave to amend to file a SAC to state additional facts in support of this Court's jurisdiction over him for the purposes of establishing a RICO claim. Order, Dkt. # 189. He must therefore plead an answer to the allegations, and will

have an opportunity to do so in answering the TAC.  The motion to strike portions of the Answer to the SAC (Dkt. # 201)  is now moot and will be DENIED.

### (3)  Motion to Dismiss Third-Party Defendant Shannon Dunbabin

Third-party defendant Shannon Dunbabin has moved to dismiss the complaint against her for failure to meet the pleading standards of Fed.R.Civ.Proc. 8(a)(2).  She contends that "KFI alleges not one single specific instance of misconduct" against her.  Motion to Dismiss, Dkt. # 232, p. 1.

Rule 8(a)(2) simply requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The third-party complaint alleges that Ms. Dunbabin is "an owner and managing agent of Cascade who is personally involved in numerous business decisions of Cascade."  Answer and Third Party Complaint, Dkt. # 199, ¶ 137.  The complaint then describes a "course of conduct that is designed to impugn the reputation of KFI and disparage the quality of KFI's yarn products," including statements and press releases posted on Cascade's website regarding the cashmere content and labeling of KFI's yarns.  *Id*., ¶¶ 143, 145-148.  The complaint also alleges that each of the four third-party defendants, as owners and managers of the family business, "participated in and/or knowingly approved of this improper course of conduct and agreed to the dissemination of the false and misleading statements described herein."  *Id*., ¶ 144.

These allegations are sufficient to give Ms. Dunbabin "fair notice of what the plaintiff's claim is and the grounds upon which it rests,"  and thereby meet the requirements of Rule 8(a)(2).  *Tellabs, Inc., v. Makor Issues &  Rights, Ltd.* 551 U.S. 308, 319 (2007).  This third-party complaint presents tort claims of defamation, unfair competition, and others, not fraud claims subject to the heightened pleading standards of Rule 9(b).  *Id*.  While the third-party

defendant contends that in order to give fair notice, "a plaintiff must allege specific facts against each defendant separately," she cites a prisoner civil rights case brought under 42 U.S.C. § 1983 for that proposition. Motion to Dismiss, Dkt. # 232, p. 5; *citing Harrison v. Adams*, 2010 WL 711939 (E.D.Cal. 2010). Section 1983 cases have specific pleading requirements which do not apply here.[1] The inartfully-pled *pro se* mortgage cases also cited by Ms. Dunbabin are similarly inapposite.

The motion to dismiss (Dkt. # 232) is accordingly DENIED.

Dated this 19th day of May 2011.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that (a) the defendant acted under color of state law, and (b) the defendant's conduct deprived plaintiff of a constitutional right. *Balistreri v. Pacifica Police Department,* 901 F. 2d 696, 699 (9th Cir. 1988). In addition, the plaintiff must allege facts showing how each named defendant caused or personally participated in causing the harm alleged. *Arnold v. IBM,* 637 F. 2d 1350, 1355 (9th Cir. 1981). A suit brought pursuant to § 1983 cannot be based on vicarious liability alone, but must allege that each defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Nor may a plaintiff hold supervisory personnel liable under 42 U.S.C. § l983 for constitutional deprivations under a theory of *respondeat superior. Taylor v. List,* 880 F. 2d 1040, 1045 (9th Cir. 1989).