UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASCADE YARNS, INC., a Washington corporation,

              Plaintiff,

      v.

KNITTING FEVER, INC., a New York corporation, et al.,

              Defendants.

CASE NO. C10-861RSM

ORDER ON MOTION TO COMPEL RESPONSES TO INTERROGATORIES

This matter is before the Court for consideration of plaintiff's motion to compel responses to interrogatories directed to defendant Emmepieffe S.r.l. ("Emmepeiffe"). Dkt. # 349. This defendant has opposed the motion. The court finds that plaintiff has satisfied the "meet and confer" requirement as to this motion and finds and rules as follows:

**Interrogatory No. 2**:

This interrogatory asked Emmepieffe to identify any other party or entity that may be responsible for any liability incurred by Emmepieffe as a result of this lawsuit. Defendant responded that it is an Italian company, that the yarns that it sells are properly labeled under Italian law, and that any liability incurred for improper labeling under United States laws, the party that imported the yarns and sold them in the United States would be responsible. Declaration of Robert Guite, Dkt. # 350-2. Emmepieffe has declined to supplement this answer.

Plaintiff contends that this answer is evasive. Emmepieffe asserts that this is a complete response given its current knowledge of the action. The Court agrees and DENIES the motion to compel a further answer to this interrogatory.

ORDER - 1

**Interrogatory No. 3:**

This interrogatory asks Emmepieffe to identify all fiber analysis tests performed on its yarns supplied to defendant Knitting Fever, Inc. ("KFI"). Emmepieffe originally interposed objections but later supplemented the answer with a response that it paid one laboratory in Italy, Instituto per lo Studio delle Macromolecole, to analyze the fiber content of its yarn. Dkt. # 351, Exhibit I. The answer was supplemented again to give an unspecified date in May 2011 as the date of the testing. Dkt. # 351, Exhibit I.

Plaintiff objects to the designation of this answer as "highly confidential." That objection has been rendered moot by the Court's Order unsealing the response. Dkt. # 397. The motion to compel is accordingly DENIED as moot.

**Interrogatory No. 4:**

This interrogatory asks that Emmepieffe provide a narrative of and details regarding any discussion between Emmepieffe and defendant KFI regarding this lawsuit. The interrogatory is based on an early statement in a motion by Emmepieffe to the Court that it had been advised to retain separate counsel. Dkt. # 230. Emmepieffe initially responded with objections based on privilege and other defenses, then supplemented the response with the statement that on April 15, 2011, after sending a copy of the summons and complaint it had received to Mr. Elalouf, "Emmepieffe received a communication from an attorney representing KFI" advising that Emmepieffe should retain counsel in Seattle." Dkt. # 351, Exhib. F. Emmepieffe declined to further supplement the answer.

Plaintiff contends that the failure to further supplement the answer violates an agreement made between counsel and "constitutes a sanctionable breach of its duty to meet and confer in good faith." Motion to Compel, Dkt. # 349, p. 6. In light of the fact that the Court has before it only plaintiff's post-conference summary of what was said at the "meet and confer," it cannot find any breach of duty or broken promise on the part of Emmepieffe. *See*, Dkt. # 350, Exhib. H. Nevertheless, Emmepieffe's response does lack some details which were requested and should be provided. The motion to compel is therefore GRANTED to the extent that Emmepieffe shall provide (a) the name of the KFI attorney who advised on April 15, 2011 that it should seek separate counsel, and (b) the means by which this communication was made (email, telephone, or other means).

**Interrogatory No. 5:**

This interrogatory is based on a declaration of Piero Ferrero of Emmepieffe dated March 11, 2011, stating, in relevant part, that Emmepieffe's quality controls ensure that its yarns supplied to KFI are properly labeled as to fiber content. Declaration of Piero Ferrero, Dkt. # 203, p. 31. The interrogatory asks Emmepieffe to identify "all measures and investigations" that it undertook regarding fiber analysis and applicable test standards, prior to providing the March 11 declaration to KFI. The fiber tests identified in Interrogatory No. 3 were conducted in May 2011, after the declaration, and thus are not responsive to this question.

Emmepieffe initially responded that its yarns are properly labeled under Italian law, and that it is the responsibility of companies which import the yarn into the United States to ensure that the yarns are properly labeled under United States laws. Emmepieffe subsequently supplemented this answer to state that it "orders the raw materials for its yarns from trusted suppliers that confirm the content of the raw materials" and then provides these, with instructions, to the persons who actually manufacture the yarns. Dkt. # 351.

Plaintiff asserts in the motion to compel that this answer is insufficient as it fails to identify whether any fiber-testing was actually conducted, and the standards employed. This information is, according to plaintiff, "of paramount relevance." Motion to Compel, Dkt. # 349, p. 7. However, by stating in response to the motion to compel that the answer as given is "fully responsive," Emmepieffe has in effect stated that no tests or investigations were undertaken prior to March 11, 2011. That response is as fully relevant as any tests would be, and may be explored more fully in deposition and at trial. The motion to compel a further answer is DENIED.

**Interrogatory No. 6:**

This interrogatory seeks information about measures undertaken by Emmepieffe to ensure that the yarns it supplies to KFI are properly labeled. Emmepieffe has responded as it has to similar interrogatories, that its yarns are properly labeled under Italian law, that it relies on trusted suppliers, and that entities which import the yarn into the United States are responsible for compliance with United States laws**.** As to that answer, the motion to compel a further response is DENIED**.** However, the interrogatory asked for such information with respect to all yarns supplied by Emmepieffe to KFI, and

ORDER - 3

Emmepieffe limited the response to the yarns named in this lawsuit. The motion to compel is accordingly GRANTED to the extent that Emmepieffe shall supplement its response to address all yarns which it supplies, licences, or sources to KFI.

**Interrogatory No. 10:**

This interrogatory asks Emmepieffe to "identify all communications that you have made to your employees, independent contractors, agent or customers, including KFI" regarding this mislabeling dispute. Emmepieffe interposed objections based on various types of privilege, including the common defense and common interest privileges. Emmepieffe then responded, without waiving its objections, "None." On September 28, 2011, Emmepieffe supplemented this response to state, "Emmepieffe has never communicated with KFI regarding purported mislabeling of products or the dispute with Cascade regarding the same." Dkt. # 351, Exhib. I.

Plaintiff asserts that this answer is materially false, because Emmepieffe communicated with KFI by sending the Declaration of Piero Ferrero, which KFI filed with the Court at Docket # 203. Plaintiff also points to other examples of communications between Emmepieffe and KFI which were obtained from KFI in discovery. Reply Declaration of Robert Guites, Dkt. # 358, Exhibits A, B, C. Plaintiff further contends that the common interest privilege does not apply.

The common defense privilege is an extension of the attorney-client privilege and does not apply here, because Emmepieffe and KFI do not share the same lawyer. *See, Securities Investor Protection Corp. v. Stratton Oakmont, Inc.*, 213 B.R. 433 (S.D.N.Y. 1997). The common interest privilege, on the other hand, protects "confidentiality of communications passing from one party to the attorney of another party when made to further a joint effort." *Avocent Redmond Corp. v. Rose electronics, Inc.*, 516 F.Supp. 2d 1199, 1203 (W.D.Wash. 2007) (*citing United States v. Schwimmer*, 892 F. 2d 237, 243 (2d Cir. 1989). It applies where (1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not been waived. *Id.* The party asserting the privilege bears the burden of establishing that the privilege is applicable to the discovery at issue. *Baden Sports, Inc., v. Kabushiki Kaisha Molten*, 2007 WL 1185680 (W.D.Wash.). In responding to the motion to compel an answer to this interrogatory, Emmepieffe has not advanced any argument whatsoever regarding the common interest

ORDER - 4

privilege. Therefore it has not met the burden of demonstrating that the privilege applies.

Instead of asserting a privilege, Emmepieffe asserts that the response indicating that it has "no such communications" is "a full and complete response." Emmepieffe's Response, Dkt. # 354, p. 4. Emmepieffe further contends that the interrogatory as written only applies to communications from Emmepieffe to the others named, not "inbound" communications received by Emmepieffe. *Id*. The Court agrees that the interrogatory applies to communications "made to" the designated individuals or entities, and Emmepieffe's interpretation is not a "new dodge" or sophistry as plaintiff contends. However, plaintiff's exhibits demonstrate that Emmepieffe has not identified all of its responsive outbound communications.

The motion to compel a complete answer to Interrogatory No. 10 is accordingly GRANTED IN PART. Emmepieffe shall identify all communications made by it to employees, independent contractors, agent or customers, including KFI, regarding purported mislabeling of its products or the dispute with Cascade regarding the labeling.

## CONCLUSION

Cascade's motion to compel (Dkt. # 349) is GRANTED IN PART and DENIED IN PART. Within fourteen days of the date of this Order, Emmepieffe shall provide answers to Interrogatories Nos. 4, 6, and 10 as directed in detail above.

The Court declines, pursuant to Fed.R.Civ.P. 37(a)(5)(C), to award expenses to either party.

DATED this 10 day January 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5