UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KNITTING FEVER, INC., a New York corporation, et al.,<br><br>　　　　　Defendants. | CASE NO. C10-861RSM<br><br>ORDER ON MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES |

　　This matter is before the Court for consideration of plaintiff's motion to compel responses to requests for production and a second set of interrogatories presented to defendant Emmepieffe S.r.l. ("Emmepieffe").[1] Dkt. # 412. Defendant has opposed the motion with a brief assertion that plaintiff did not comply with the good faith "meet and confer" requirements of Fed.R.Civ.P. 37(a)(1) and Local Rule CR 37. Defendant's Opposition, Dkt. # 424. Defendant has not addressed the actual merits of plaintiff's motion to compel.

　　Plaintiff has provided a declaration and exhibits which demonstrate that it first requested a Rule 37 telephone conference on November 18, 2011, asking that the call be set for November 22 or 23. Declaration of Robert Guites, Dkt. # 413, Exhibit K. Apparently the only response to that request was the transmission of a few confidential documents which were responsive to designated Requests for Production. *Id.*, Exhibit L. On November 25, 2011, counsel for plaintiff sent a detailed letter, outlining

---

[1] Plaintiff also asks to de-designate a response to a Request for Admission that was designated by Emmepieffe as "highly confidential." *See*, Declaration of Robert Guites, Dkt. # 414, Exhibit F. This request has been rendered moot by the Court's unsealing of this document. Dkt. # 442.

ORDER - 1

the specific deficiencies in the document production, and again requesting a telephone conference. Counsel suggested the following week, or December 5 at the latest. Exhibit M. Apparently defense counsel did not respond to this letter, so counsel for Cascade called on December 5. The call was brief; plaintiff reports that defense counsel stated that he had not been able to confer with his client and did not know when he would be able to do so. *Id.*, Exhibit N. Defense counsel objected to this characterization of the facts, noting that the request sent on November 25 arrived during the Thanksgiving holiday and he was unable to review it until November 30. *Id.*, Exhibit O. He stated that he did not consider the brief call to be a "meet and confer" or a refusal to "meet and confer." *Id*.

Rule 37 requires that the parties confer or make a "good faith attempt" to confer. Fed.R.Civ.P. 37(a)(1). The rules of this Court require that the good faith attempt be made by telephone or face-to-face. Local Rule CR 37(a)(1)(A). Plaintiff first attempted to arrange the telephone conference on November 18, 2011, not November 25, and offered defense counsel several alternative dates. The Court finds that the series of requests detailed above constitutes a good faith attempt to meet and confer on the part of plaintiff, and the motion to compel shall be considered on the merits.

Pursuant to Local Rule CR 7(b)(2), a party's failure to file papers in opposition to a motion may be deemed by the Court as an admission that the motion has merit. As Emmepieffe has offered no opposition to the merits of plaintiff's motion, the Court shall grant it in its entirety.

Plaintiff's motion to compel (Dkt. # 412) is accordingly GRANTED. Defendant Emmepieffe shall provide the requested discovery, in full, within **twenty-one days** of the date of this Order.

Plaintiff, as prevailing party, shall present a statement of reasonable expenses incurred in bringing this motion for the Court's consideration. Fed.R.Civ.P. 37(a)(5)(A). Defendant Emmepieffe shall have **fourteen days** after the statement of expenses is filed to show why an award of expenses would be unjust.

DATED this 10 day of January 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2