UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC.,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>KNITTING FEVER, INC., et al.,<br><br>    Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs,<br><br>v.<br><br>ROBERT DUNBABIN, SR., et al.,<br><br>    Third-Party Defendants. | CASE NO. C10-861RSM<br><br>ORDER ON MOTION FOR A PROTECTIVE ORDER |
| CASCADE YARNS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EMMEPIEFFE S.R.L., a foreign limited liability corporation,<br><br>    Defendant. | |

ORDER - 1

The Court, having considered a motion for a protective order and appointment of a special master to oversee discovery issues filed by defendant Knitting Fever, Inc., ("KFI") (Dkt. # 440), together with plaintiff's response, does now find and ORDER:

(1) Between November 15, 2011, and December 22, 2011, plaintiff filed ten discovery motions pursuant to Local Rule CR 37(a)(1)(B), which authorizes the filing, by consent of the parties, of joint motions requesting an expedited ruling on discovery issues. Dkt. ## 362, 370, 376, 382, 385, 391, 400, 417, 426, 433. Most of these were accompanied by separate motions to seal as required by Local Rule CR 5(g). However, the Rule CR 37 motions were not noted on the Court's calendar and the Court was not alerted to them until the motions to seal were ready for consideration. During this period plaintiff also filed two additional contested motions to compel that were properly noted on the Court's calendar. Dkt. ## 412, 437.

(2) Defendants filed this motion for a protective order on December 22, 2011, asking among other requests that four of the CR 37 submissions be stricken because they had not agreed to the joint procedure for these issues. On December 23, 2011, after reviewing an associated motion to seal, the Court agreed and struck one of the CR 37 motions (Dkt. # 445). On December 27, 2011, plaintiff withdrew the other three CR 37 submissions in which defendants failed to join. Dkt. #452. The Court ruled on the remaining six CR 37 submissions on January 10, 2012. Dkt. ## 489, 490, 491, 492, 493, 494. The Court also ruled on two other contested motions to compel filed by plaintiff. Dkt. ## 495, 496.

(3) On January 5, 2012, before the parties had the benefit of guidance from the Court's January 10 rulings, plaintiff filed six more contested motions to compel addressing Requests for Production. Dkt. ## 465, 468, 471, 474, 478, 481. On January 11, 2011, plaintiff filed a notice of withdrawal of three specific requests for production based on the Court's January 10 rulings. Dkt. # 497. Defendants filed an omnibus response to the six motions to compel, asserting among other defenses, that many requests exceed the scope of discovery in this matter. Dkt. # 512. They also contend that many of the named defendants have already provided all responsive documents that can be found. *Id*. In the reply, plaintiff notes that one defendant produced 125 additional documents the night before her deposition, suggesting

ORDER - 2

that her stated excuse for not providing them earlier was invalid.  Plaintiff's Reply, Dkt. # 534, p. 2.

(4) Also on January 5, 2012, plaintiff filed a motion for leave to take additional depositions beyond the ten presumed by Fed.R.Civ.P. 30, and a motion for issuance of letters rogatory for the purpose of taking a third-party deposition in the United Kingdom.  Dkt. ## 459, 462.

(5) On January 12, 2012, defendant Knitting Fever, Inc., ("KFI") filed a motion to extend the deadline for submitting expert reports and for filing discovery motions.  Dkt. # 502.  Plaintiff opposed the motion, arguing that defendant had not demonstrated "good cause" for an extension.  Dkt. # 514. Also on January 12, 2012, defendants filed their own motion for issuance of letters rogatory for the purpose of obtaining documents from a third party in Italy.  Dkt. # 503.  This motion, which was noted for consideration on January 27, 2012, was not opposed by plaintiff.  Both motions for issuance of letters rogatory were granted on January 27, 2012.  Dkt. ## 556, 557.

(6) On January 30, 2012, the Court, in ruling on KFI's motion for an extension of time to file dispositive motions, found that "in light of the large number of pending motions and the Court's current trial schedule," the requested extension only to March 2 would be unrealistic.  Dkt. # 561.  The Court found that "[i]n the interest of orderly resolution of the parties' discovery issues and to permit timely compliance with the Court's orders on the pending motions, an extension of several months is appropriate."  *Id*.  The list of reasons for the longer extension was not exhaustive, and the Court now notes that the resolution of discovery issues resulting from the issuance of letters rogatory to authorities in the United Kingdom and Italy may themselves take a considerable amount of time.  Further, plaintiff's motion for leave to take depositions beyond the presumptive limit of ten has now been granted (Dkt. # 589), and these depositions remain to be scheduled.   As a result of these and other considerations, the Court exercised its inherent power to control its docket and extended the discovery period to July 9, 2012 and the trial date to November 5, 2012.  Dkt. # 566.

(7) Turning to the motion under consideration, namely defendant KFI's motion for a protective order (Dkt. # 440), the Court finds that one aspect of the request is now moot.  Defendant requested that the Court strike plaintiff's CR 37 submissions in which they did not join.  As noted above, the Court did strike one such motion after which the remaining three were withdrawn by plaintiff.

ORDER - 3

(8) The second part of KFI's motion for a protective order requests that the Court appoint a special master to oversee the conduct of discovery. Plaintiff opposed this request on the basis that "less than one month remains to bring discovery motions." Plaintiff's Response, Dkt. # 454, p. 2. That objection is now moot in light of the extension of the discovery period to July 9, 2012. The Court shall accordingly grant defendant's motion in part and refer certain discovery issues to a magistrate judge for resolution.

(9) Plaintiff's seven pending motions to compel responses to Requests for Production, filed December 22, 2011 and January 5, 2012, were all filed prior to the Court's January 10, 2012 ruling and without the benefit of guidance on the "yarns at issue" ruling in this case. Further, it appears that the scope of discovery issues may have changed considerably since these motions were drafted. Specifically, the Court notes that several depositions were noticed for January and plaintiff has referred to additional document production that occurred prior to one deposition as a result of "newly found" documents. Plaintiff's Reply on Motion to Compel, Dkt. # 534, p. 2. The Court will not speculate as to what extent these motions may have been rendered moot by further production of documents or resolution of disputes among the parties and declines to rule on them in their present form. Accordingly, the Court shall STRIKE plaintiff's seven pending motions to compel (Dkt. ## 437, 465, 468, 471, 474, 478, and 481). Plaintiff may renew these motions to reflect the current status of discovery, as appropriate, following a proper Rule 37 good faith effort to resolve the issues.

(10) The Court notes that a continuing source of dispute in the discovery is the relevant starting date for production of documents. Defendants suggest that the appropriate date for document production is January 1, 2006. Defendants' Omnibus Response to Motions to Compel, Dkt. # 512, p. 6. Plaintiff asserts that the Court, by its silence on the matter, has impliedly declined to so limit the date. Plaintiff's Reply, Dkt. # 534, p. 3. To resolve this dispute and guide the parties in further discovery, the Court now finds that the relevant date for production of documents is January 1, 2006 as defendants contend.

Plaintiff argues for an earlier date based on the belief that "KFI learned in the Coats case, which settled in 2005, that the Cashmerino yarns were mislabeled." Plaintiff's Reply, Dkt. # 534, p. 4 n. 5.

ORDER - 4

This statement refers to the case of *Knitting Fever, Inc. v. Coats Holdings, Inc., et al.,* Cause No. 05-1065 (DRH)(WDW), filed in the United States District Court for the Eastern District of New York in 2005. The case settled and was dismissed in July of 2007. The Court takes judicial notice of the court records in that case, which indicate that Cascade was given leave to intervene in the *Coats* case in order to seek documents regarding fiber content of yarns and documents relating to communications between KFI and its principals. *See*, Report and Recommendation, Cause No. C05-1065, Dkt. # 115. The motion for leave to intervene was granted on January 10, 2011, but Cascade's subsequent motion to modify a protective order so that it could obtain the confidential documents was denied. *Id.*, Dkt. # 132. In opposing Cascade's motion to modify the protective order, KFI represented to the court that no fiber sample tests had been produced by Coats to KFI, and all documents designated as confidential were destroyed after settlement pursuant to the settlement agreement. *Id.*, Dkt. # 123. It appears that it would be futile to now allow Cascade to request that these documents be produced in this litigation, and the Court will not allow Cascade to use discovery in this case to conduct a mini-trial on the *Coats* documents. Cascade is free to question defendants at deposition regarding documents which are a matter of public record in the *Coats* case. However, document production shall be limited to January 1, 2006 and later.

Accordingly, it is hereby ORDERED:

(A) Defendant's motion for a protective order regarding the Rule 37 filings is DENIED as moot;

(B) Defendant's motion for appointment of a special master to manage discovery is GRANTED IN PART, in that the Court shall refer specified discovery motions to Magistrate Judge James P. Donohue for hearing and decision;

(C) Plaintiff's pending discovery motions to compel, filed at Dkt. ## 437, 465, 468, 471, 474, 478, and 481 are STRICKEN without prejudice to renewal to reflect the current status of discovery issues;

(D) Apart from the re-filed motions to compel production of documents contemplated under paragraph (C), the parties must request leave from the Magistrate Judge before filing any additional discovery motions; and

ORDER - 5

(E) Plaintiff's pending motion to compel production of documents withheld on the basis of privilege (Dkt. # 526) is hereby REFERRED to the Honorable James P. Donohue, pursuant to Fed.R.Civ.P. 72(a), for hearing and decision.

Dated this 24th day of February 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6