|  |  |
|---|---|
| CASCADE YARNS, INC., <br><br>　　　　　Plaintiff/Counterclaim<br>　　　　　Defendant,<br><br>　　v.<br><br>KNITTING FEVER, INC., et al.,<br><br>　　　　　Defendants/Counterclaim<br>　　　　　Plaintiffs/Third-Party<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT DUNBABIN, SR., et al.,<br><br>　　　　　Third-Party Defendants. | CASE NO. C10-861RSM<br><br>ORDER ON MOTION TO COMPEL SION ELALOUF TO VERIFY INTERROGATORY RESPONSE |
| CASCADE YARNS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EMMEPIEFFE S.R.L., a foreign limited liability corporation,<br><br>　　　　　Defendant. |  |
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter is before the Court for consideration of plaintiff's motion to compel defendant Sion Elalouf to verify his interrogatory response. Dkt. # 521. Plaintiff asks that Mr. Elalouf be compelled to verify his Second Supplemental Response to Interrogatory No. 11, which was originally propounded in May, 2011. Defendant has opposed the motion, noting that the motion is moot as he has now provided a

ORDER - 1

verified response in the form of a Third Supplemental Response to Interrogatory No. 11. Plaintiff, in reply, reminds the Court that it is the Second Supplemental Response which should be verified by Mr. Elalouf, noting that the two responses are materially different. Plaintiff's motion shall be denied as moot for the reasons set forth below, but defendant may be required to pay plaintiff's costs in bringing the motion.

## BACKGROUND

Plaintiff's Interrogatory No. 11 to Mr. Elalouf asks him to "[i]dentify Pierro [sic] Ferraro or Emmepieffe's tender of defense for the claims against Emmepieffe. In your answer, state with whom Emmepieffe spoke and general content of the conversation." Declaration of Robert Guite, Dkt. # 519, Exhibit B. Mr. Elalouf's initial response, signed on June 1, 2011, interposed objections on the basis of relevance, attorney-client privilege, joint defense privilege, and "other applicable privileges." *Id*. His First Supplemental Response to this interrogatory was the same. *Id*.

The parties conferred by telephone on November 9, 2011 regarding this and other discovery issues. Declaration of Robert Guite, Dkt. # 519, Exhibit C. On January 10, 2012, Mr. Elalouf provided a Second Supplemental Response to Interrogatory No. 11. *Id*., Exhibit F. In this supplemental response, Mr. Elalouf stated that he assumed the question to refer to "Piero Ferrero," not "Pierro Ferrero," and after reasserting his objections he responded,

> Mr. Elalouf further states that Emmepieffe and/or Piero Ferrero did not offer a tender of defense to Mr. Elalouf or to Knitting Fever, Inc., for the claims asserted against Emmepieffe. Mr. Elalouf understood that Mr. Ferrero wanted Knitting Fever, Inc. to release Emmepieffe and himself from liability for any claims. Emmepieffe did not offer to defend Knitting Fever, Inc., and Knitting Fever, Inc., did not offer to defend Emmepieffe.

*Id*. This response was not verified by Mr. Elalouf.

On January 13, 2012, counsel for plaintiff sent an email to defense counsel, noting that the Second Supplemental Response was not verified, and stating, "Please provide us with a proper verification by Tuesday, January 17. If we do not receive a proper verification, we will have no option but to raise this issue with the court by motion." *Id*., Exhibit G. Counsel responded,

> Upon further review of the second supplemental responses of Mr. Elalouf to the second set of interrogatories, we are making additional updates. We will send the further supplements and verification as soon as we are able to given this week's deposition schedule, filing

ORDER - 2

| | |
|---|---|
| 1 | deadlines, and discovery deadlines. |
| 2 | *Id*., Exhibit H. This response was sent on January 17 in the evening. *Id*. |
| 3 | Finding that defendant did not provide the verification by January 17 as requested, and facing a |
| 4 | January 20 cut-off date for filing discovery motions, plaintiff filed this motion to compel on January 19, |
| 5 | 2012. Dkt. # 521. The following day, January 20, Mr. Elalouf provided a Third Supplemental |
| 6 | Response, this time verified by signature. Declaration of Joshua Slavitt, Dkt. # 565, Exhibit A. The |
| 7 | response to Interrogatory No. 11 reads, in relevant part, |

> Mr. Elalouf further states that Emmepieffe and/or Piero Ferrero did not offer a tender of defense to Mr. Elalouf or to Knitting Fever, Inc. for the claims asserted against Emmepieffe. Mr. Elalouf understood that Mr. Ferrero wanted Knitting Fever, Inc. to eliminate from its counter-claims the yarns Emmepieffe sold to Cascade Yarns, Inc. Emmepieffe did not offer to defend Knitting Fever, Inc., and Knitting Fever, Inc., did not offer to defend Emmepieffe.

*Id.* Defendant contends that this response renders the motion to compel verification moot. Plaintiff, noting the discrepancy between the two responses, asks that the Court grant the motion to compel Mr. Elalouf to verify his Second Supplemental Response, or order him to pay the costs of bringing this motion.

## DISCUSSION

Answers to interrogatories must be in writing, given under oath, and signed by the person giving the answers. Fed.R.Civ.P. 33(b)(3), (5). The purpose of the verification requirement is to ensure that the answers are in a form that is admissible at summary judgment and trial. *See, e.g., Saria v. Massachusetts Mutual Life Ins. Co*, 228 F.R.D. 536, 538-39 (S.D.W.Va. 2005). A party has a duty to supplement responses in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the the additional or corrective information has not otherwise been made known to the other parties during the discovery process. . . " Fed.R.Civ. 26(e)(1)(A). This rule expressly contemplates that a party may add to or change an answer.

Pursuant to Rule 33(b)(5), the unverified response in the January 10 Second Supplemental Response was no answer at all. It was the verified Third Supplemental Response which constitutes a responsive answer to Interrogatory No. 11. This response renders plaintiff's motion moot, but because it was only provided after the motion to compel was filed, plaintiff is entitled to an award of reasonable

ORDER - 3

expenses incurred in bringing the motion. Fed.R.Civ.P. 37(a)(5)(A).

Accordingly, plaintiff's motion to compel verification of the interrogatory response (Dkt. # 521) is DENIED as moot. Because the response was provided after this motion was filed, the Court shall award fees unless defendant can demonstrate circumstances which would make such award unjust. Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii). Plaintiff may file a motion and statement of expenses within two weeks of the date of this Order, and shall note it on the Court's calendar for the third Friday thereafter. Defendant may respond in accordance with Local Rule CR 7(d)(3). The Court declines to grant plaintiff's accompanying request for leave to bring a motion for sanctions at this time.

Dated this 4th day of April 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4