# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> KNITTING FEVER, INC., et al., <br><br> Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> ROBERT DUNBABIN, SR., et al., <br><br> Third-Party Defendants. <br><br> CASCADE YARNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMMEPIEFFE S.R.L., a foreign limited liability corporation, <br><br> Defendant. | CASE NO. C10-861RSM <br><br> ORDER ON MOTIONS TO SEAL AND MOTION TO DE-DESIGNATE CONFIDENTIAL DOCUMENTS |

This matter is before the Court for consideration of plaintiff's motion to "de-designate" documents produced by defendant and labeled "highly confidential," together with a corresponding motion to seal. Dkt. # 522, 523, 570. Defendants have responded to these motions, stating in relevant part that only seven documents remain at issue, and that those seven are "highly confidential" and

ORDER - 1

should remain under seal. Dkt. ## 558, 559, 588.  However, the response to the motion to seal fails to comply with the requirements of Local Rule CR 5(g)(3) and (4).  These requirements were clearly explained by the Court in the Order dated November 22, 2011.  Dkt. # 397.  Specifically, "[t]he facts supporting any motion to seal, even an agreed or stipulated motion, must be provided by declaration or by affidavit."  *Id*., ¶ 2, *citing* Local Rule CR 5(g).  The Court further explained that it is the party with an interest in maintaining confidentiality who must make the requisite showing.  *Id*., ¶ 3.

Defendants have presented no affidavit or declaration with their responses to the motion to seal. Instead, they refer the Court to their opposition to the motion to de-designate, and accompanying declaration.  However, that declaration simply consists of a string of emails discussing the documents at issue, and does not provide the requisite facts under Local Rule CR 5.  Declaration of Joshua Slavitt, Dkt. # 559.  Apart from this, defendants' response to the first motion to seal simply states concern regarding plaintiff's practice of "selectively posting information and documents regarding this lawsuit on its website," and a fear that unsealing documents "will encourage Cascade to engage further in such conduct."  Dkt. # 558.  The Court notes, however, that since June of 2011, starting with Dkt. # 281, plaintiff has posted only letters rogatory and Court Orders on its website, a practice which the Court expects will continue.  Defendants' fears thus appear unfounded.

Plaintiff's motions to seal at Dkt. # 522 and Dkt. # 570 are accordingly DENIED.  **The Clerk shall UNSEAL the documents filed at Dkt. ## 525 and 573** (comprising Exhibit D to the Declaration of Robert Guite, and Exhibits A and B to the Reply Declaration of Robert Guite), within three days of this date, unless plaintiff has before that date filed notice that the documents shall be withdrawn.

This result is dispositive of plaintiff's motion to de-designate, as documents which are unsealed are no longer "highly confidential".  This result is not prejudicial to defendants.  While they have characterized these documents as "strategic plans and competitive strategy," inventory lists, and other internal documents, they all date from the period 2006-2008, and thus do not reflect current strategy or market plans.  Plaintiff's motion to de-designate documents (Dkt. # 523) is accordingly GRANTED. However, defendants' redactions shall remain in place.

ORDER - 2

Dated this 5th day of April 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3