UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> KNITTING FEVER, INC., et al., <br><br> Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> ROBERT DUNBABIN, SR., et al., <br><br> Third-Party Defendants. | CASE NO. C10-861RSM <br><br> ORDER ON ATTORNEY'S FEES |
| CASCADE YARNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMMEPIEFFE S.R.L., a foreign limited liability corporation, <br><br> Defendant. | |

The Court, having considered plaintiff's statement of fees and expenses (Dkt. # 548), defendant Emmepieffe S.r.l.'s response (Dkt. # 580), and the balance of the record, does now find and ORDER;

(1) On January 10, 2012, the Court granted plaintiff's motion to compel responses to interrogatories and request for production presented to defendant Emmepieffe S.r.l. ("Emmepieffe").

ORDER - 1

Dkt. # 496. Although defendant objected that plaintiff failed to comply with the "meet and confer" requirement of Fed.R.Civ.P. 37(a)(1) and Local Rule CR 37, the Court found otherwise. Plaintiff sent several requests to set a time to meet and confer, and counsel for defendant failed to respond. Plaintiff first requested a meet and confer on November 18, 2011, but it was not until December 5, 2011 that plaintiff was able to reach defense counsel for a brief discussion. In the interval, defense counsel did not respond to plaintiff's requests. Defense counsel objected that the request was sent November 25, over the Thanksgiving holiday weekend, and he was unable to address it until November 30. Dkt. # 413, Exhibit O. However, nowhere did he address the November 18 request, or provide any alternate dates to confer. *Id.*, Exhibits K - O.

(2) In responding to the motion to compel, defendant simply objected that plaintiff had not made a good faith attempt to meet and confer, and presented no argument on the merits of the motion to compel. The Court found that plaintiff had made a good faith attempt to meet and confer, and that defendant's failure to respond to the merits of the motion constituted an admission that the motion had merit under Local rule CR 7(b)(2). The motion to compel was granted, and plaintiff was directed, pursuant to Fed.R.Civ.P. 37(a)(5)(A) to present a statement of reasonable expenses incurred in bringing the motion. Defendant was allowed fourteen days thereafter to show why an award of expenses would be unjust. Dkt. # 496.

(3) Plaintiff has, by declaration, submitted a request for $3,927.50 in attorney's fees, representing 7.5 hours of work by counsel at $485 per hour, plus one hour at $290 for an associate. The Court finds that the two hours spent in efforts to meet and confer should not be included in the cost of bringing the motion, so the amount of fee award to be considered is $2,957.50.

(4) In objecting to an award of fees, plaintiff asserts that an award would be unduly burdensome, and states that "Emmepieffe tried in good faith to comply with Cascade's discovery requests and work through objections with Cascade's counsel." Dkt. # 580. Plaintiff also points to responses provided January 31, 2012, well after the motion to compel was granted. *Id*. However, Rule 37 provides that if disclosures are provided after the motion to compel is filed, the court shall award fees just as if the motion were granted. Fed.R.Civ.P. 37(a)(5)(A).

ORDER - 2

(5) The Court is mindful that defendant Emmepieffe S.r.l. is located in Italy, and communication between counsel and client may be difficult. That difficulty, however, does not excuse counsel's failure to timely respond to a request to meet and confer.

(6) Rule 37 provides that when a motion to compel is granted or the discovery is provided after the motion is filed,

> the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order the payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's non-disclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A)(emphasis added).

(7) The Court finds that none of the exceptions apply, and that a fee award is appropriate. The Court further finds that payment should be made by counsel rather than by Emmepieffe, for the reasons set forth in ¶ 5 above.

(8) Accordingly, plaintiff is awarded **$2,957.50** as reasonable attorney's fees for costs incurred in bring the motion. Counsel shall present payment within three weeks of the date of this Order.

Dated this 6th day of April 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3

ORDER - 4