UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KNITTING FEVER, INC., et al., <br><br> Defendants, <br><br> v. <br><br> ROBERT A. DUNBABIN, et al., <br><br> Third Party Defendants. | Case No. 10-cv-00861-RSM-JPD <br><br> DISCOVERY ORDER – 2 |

This matter comes before the Court on Plaintiff's motion regarding the sufficiency of the responses to Plaintiff's requests for admission ("RFAs") filed by Defendants Knitting Fever, Inc., KFI, Inc., Designer Yarns, Ltd., and Debbie Bliss (hereinafter "Defendants"). Dkt. 668. Plaintiff served 180 RFAs on Defendants regarding the existence of income from certain yarn, and the existence of profit (and whether it was reinvested in Defendants' business) from the sale of that yarn. *See* Guite Decl. (Dkt. 669), Exs. A-D. Characterizing those RFAs as irrelevant and not reasonably likely to lead to the discovery of admissible evidence, the

Defendants objected to the RFAs and refused to either admit or deny the RFAs. *See* Guite Decl. (Dkt. 669), Exs. A-H.

A party is entitled to conduct discovery on any matter that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). A matter is "relevant" if it is either admissible or "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Federal Rule of Civil Procedure 36 authorizes RFAs, which must be either answered or denied, or the answering party must "state in detail why [it] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

According to Defendants, Plaintiff's RFAs are not relevant to this case because they are relevant only to a RICO claim, and there is no valid civil RICO claim stated in the operative version of the complaint. *See* Dkt. 668 at 2:3-6. Defendants filed a motion for judgment on the pleadings against Plaintiff's putative civil RICO claims on June 16, 2011, and that motion remains pending before Judge Martinez. *See* Defs.' Mot. (Dkt. 274). Defendants' pending motion for judgment on the pleadings does not request that discovery be stayed while the motion is pending.

Plaintiff argues that, as it did in its Opposition to the motion for judgment on the pleadings, that its current complaint sufficiently pleads civil RICO claims and that leave to amend should be granted if Judge Martinez disagrees. *See* Pltf.'s Opp'n (Dkt. 308). Plaintiff also argues that even if it is assumed for the sake of argument that civil RICO claims are not at issue in this case, the RFAs are still relevant because they relate to the unchallenged Lanham Act claims.

The Court disagrees that Plaintiff's RFAs are "equally relevant" to Plaintiff's Lanham Act claims. Dkt. 668 at 6:1. As noted by Defendants, though a successful plaintiff may be entitled to a defendant's profits under the Lanham Act, "[Plaintiff] does not even try to explain how admitting the fact of a profit on a particular yarn would advance its proposed damages calculation, nor does it explain why requests related to the derivation of income and

reinvestment of profit are at all relevant to its Lanham Act claim." Dkt. 668 at 12 n.10. Thus, the Court agrees with Defendants that the relevance of Plaintiff's RFAs depends on Judge Martinez's ruling on the pending motion for judgment on the pleadings.

In light of the pendency of that motion, the Court will STAY this Rule 37 submission until after Judge Martinez has ruled on the pending motion (Dkt. 274). Within three days of the entry of Judge Martinez's ruling on that motion, the parties are directed to file a joint memorandum (no longer than three pages total) with this Court to indicate if judicial resolution of this issue is still needed and if so, whether any additional briefing is necessary.

DATED this 19th day of June, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge