# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KNITTING FEVER, INC., et al., <br><br> Defendants, <br><br> v. <br><br> ROBERT A. DUNBABIN, et al., <br><br> Third Party Defendants. | Case No. 10-cv-00861-RSM-JPD <br><br> DISCOVERY ORDER – 3 |

This matter comes before the Court on Plaintiff's motion regarding Defendant Knitting Fever Inc.'s ("KFI") notice of deposition to Third Party Defendant Robert A. Dunbabin, Sr. Dkt. 661. Mr. Dunbabin was previously deposed in November 2011 in connection with a related Pennsylvania lawsuit, though he is not a party to that suit. *See* Dkt. 504. Plaintiff designated Mr. Dunbabin as its Rule 30(b)(6) deponent in this matter, and KFI submitted deposition notices proposing to depose Mr. Dunbabin in his individual capacity on June 6, 2012, and in his Rule 30(b)(6) capacity on June 5, 2012.

Plaintiff objected to this procedure, proposing that Mr. Dunbabin could be deposed in both his individual and corporate-designee capacity on June 5. KFI did not agree to this proposal, and instead went forward with a Rule 30(b)(6) deposition on June 5. The parties have filed a Rule 37 submission requesting that the Court rule as to whether KFI is entitled to depose Mr. Dunbabin again in his individual capacity. Dkt. 661.

Noting two depositions of Mr. Dunbabin was not necessary, because a Rule 30(b)(6) deponent must provide any relevant information within his or her personal knowledge. *See Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000). Furthermore, as noted by the *Detoy* court, requiring a Rule 30(b)(6) to be deposed a second time "on his or her own behalf seems artificial and wasteful of both the parties' resources and the witness's time. Presumably, if the witness is capable of testifying on behalf of the designated entity, the witness is also capable of testifying as an individual, at the same deposition." 196 F.R.D. at 367.

KFI attempts to show why the *Detoy* presumption should not apply here, on the grounds that KFI did not have enough time to ask all of its corporate *and* personal questions during the Rule 30(b)(6) deposition. Specifically, KFI argues it did not have enough time to question Mr. Dunbabin as to his knowledge regarding allegedly defamatory statements, as well as whether Mr. Dunbabin used his political contributions to encourage government action against the Defendants. *See* Dkt. 661 at 16. But the deposition transcript excerpts provided by Plaintiff reveal a different story: it is clear that KFI pursued both of those lines of questioning on June 5. *See* Guite Decl. (Dkt. 664), Ex. A. A review of the deposition transcript excerpts does not suggest that KFI was limited in pursuing those topics.

Thus, while there may be circumstances where two separate depositions would have been appropriate, the Court finds that this is not one of those circumstances. Because KFI has not shown that it did not have the opportunity to fully depose Mr. Dunbabin on June 5, the

1  Court will not require Mr. Dunbabin to be deposed again in his individual capacity.  The Court

2  GRANTS Plaintiff's motion (Dkt. 661).

3  DATED this 20th day of June, 2012.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge