UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., | Case No. 10-cv-00861-RSM-JPD |
| Plaintiff, | DISCOVERY ORDER – 6 |
| v. | |
| KNITTING FEVER, INC., et al., | |
| Defendants, | |
| v. | |
| ROBERT A. DUNBABIN, et al., | |
| Third Party Defendants. | |

This matter comes before the Court on Defendants' submission regarding their first set of requests for production ("RFPs") to the Counterclaim-Defendants. Dkt. 641. There are four specific RFPs at issue in this motion: the Counterclaim-Defendants objected to these RFPs, and the Defendants now request that the Court compel the Counterclaim-Defendants to produce all responsive documents not previously produce.

The RFPs at issue read as follows:

RFP No. 16: All documents supporting Cascade's contention at paragraph 1 of the Fourth Amended Complaint that Defendants "engaged in a concerted scheme,

ORDER
PAGE - 1

beginning nearly a decade ago, to defraud consumers and injure their competitors by making literally false representations regarding the fiber content of certain yarn products.

RFP No. 17:  All documents supporting Cascade's contention at paragraph 1 of the Fourth Amended Complaint that "Defendants' conduct caused harm to its competitors, including Cascade, by driving customers away from purchasing Cascade's products in the false belief the KFI's competing products were of similar content and of equal quality."

RFP No. 18:  All documents supporting Cascade's contention at paragraph 3 of the Fourth Amended Complaint that "beginning sometime in the early 2000s and certainly no later than 2006, KFI began selling products that had literally false labels misrepresenting the products' cashmere, kid mohair and/or silk content."

RFP No. 19: All documents supporting Cascade's contention at paragraph 3 of the Fourth Amended Complaint that "literally false labels allowed Defendants to sell their products for unfair and extortionate prices and/or at significantly lower prices than Cascade's products."

The Counterclaim-Defendants objected to these RFPs on the grounds that they are overbroad (either because they lack a temporal limitation, or reach farther back than the 2006 cutoff imposed by Judge Martinez), seek attorney work-product, and are unduly burdensome. They also responded that the RFPs function as an interrogatory, and that they cannot be expected to produce the Plaintiff's case-in-chief in response to an RFP.

The Court agrees that the RFPs seek attorney work-product, because they seek to uncover Plaintiff's general legal theory of the case, as opposed to the evidence supporting the Complaint's specific factual allegations, because the way in which Plaintiff's counsel would select and organize documents to respond to the RFPs would reveal counsel's legal theories. Though opinion work-product can be discoverable upon a showing of substantial need or when mental impressions are at issue in a case, Defendants have not made such a showing here. *See Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576-77 (9th Cir. 1992).

Moreover, the Court also agrees that these RFPs are overbroad and unduly burdensome because they seek to require the Counterclaim Defendants to produce essentially every

ORDER
PAGE - 2

1   document relevant to this litigation, without tying the requests to any particular factual
2   allegation in the Complaint.  Particularly because the Defendants have sought discovery from
3   Plaintiff — the party that actually raised the allegations in the Complaint — it would be unduly
4   burdensome to require the Counterclaim Defendants to search for any and all documents that
5   could support the Plaintiff's allegations.
6       For these reasons, the Court DENIES Defendants' motion (Dkt. 641).
7       DATED this 21st day of June, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge