UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., | Case No. 10-cv-00861-RSM-JPD |
| Plaintiff, | DISCOVERY ORDER – 8 |
| v. | |
| KNITTING FEVER, INC., et al., | |
| Defendants, | |
| v. | |
| ROBERT A. DUNBABIN, et al., | |
| Third Party Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the KFI Defendants'[1] submission regarding their first set of requests for production ("RFPs") to the Plaintiff. Dkt. 647. There are nine specific RFPs at issue in this motion. For the reasons explained below, the Court GRANTS IN PART, DENIES IN PART and RESERVES RULING IN PART on this motion (Dkt. 647).

---

[1] "The KFI Defendants" collectively refers to Defendants Knitting Fever, Inc.; KFI, Inc.; Designer Yarns, Ltd.; Debbie Bliss; Jay Opperman; and Sion Elalouf.

ORDER
PAGE - 1

## II. BACKGROUND & ANALYSIS

A. RFP No. 3: Copies of all communications sent by Cascade to its customers regarding the fiber content of the Yarns-at-Issue.

The Plaintiff objected to this RFP on multiple bases, including the vagueness of the term "Yarns-at-Issue" and the duplicative nature of the request. The Plaintiff did offer to product e-mails addressing all the yarns listed in the complaint and counterclaim, using the search terms "fiber," "mislabel*", "controversy," "Bliss," "cashmere," and "kfi." The Defendants contend that this production is not sufficient because the search terms proposed are too narrow and because production should include non-e-mail documents. According to Plaintiff, its production is adequate because the KFI Defendants have not offered any additional search terms and because Plaintiff is not aware of any written communications other than e-mails (because the only documentary form in which Plaintiff communicates is e-mail). *See* Dunbabin Decl. (Dkt. 583) ¶ 3.

The Court will reserve this issue until the hearing.

B. RFP No. 13: Complaints or other communications from consumers about Cascade's Yarns-at-Issue, including but not limited to complaints or other communications about fiber content, labeling, quality, country of origin, and/or price, as well as Cascade's statements and actions concerning the same.

RFP No. 14: Complaints or other communications from consumers about Defendants' Yarns-at-Issue, including but not limited to complaints or other communications about fiber content, labeling, quality, country of origin, and/or price, as well as Defendants' statements and actions concerning same.

Notwithstanding Plaintiff's previous objections, Plaintiff now represents that it has searched for and produced all documents responsive to RFPs No. 13 and 14. *See* Dkt. 647 at 8:3-4. Defendant's motion to compel is GRANTED. The KFI Defendants seek confirmation of this representation. *See id.* at 8:7-11. Plaintiff's counsel is forewarned that he will be directly asked by the Court if all responsive non-privileged documents have been produced, and the Court will expect a straight-forward answer and representation to the question. In

addition, to the extent that otherwise responsive documents have been withheld on the basis of privilege, counsel will be asked if a privilege log relating to withheld documents has been prepared and provided to counsel for Defendants. .

C.  RFP No. 15: Documents sufficient to identify all persons who determine the fiber content of Cascade's Yarns-at-Issue.

RFP No. 16: Documents sufficient to identify all persons who determine the fiber content percentages that appear on the labels of Cascade's Yarns-at-Issue.

Notwithstanding Plaintiff's previous objections, Plaintiff now represents that it has produced all non-privileged responsive documents. *See* Dkt. 647 at 10:23-24. Defendants Motion to Compel is GRANTED. The KFI Defendants seek confirmation of this representation, and also seek clarification as to whether some responsive documents have been withheld. *See id.* at 11:5-7. Plaintiff's counsel is forewarned that he will be directly asked by the Court if all responsive non-privileged documents have been produced, and the Court will expect a straight-forward answer and representation to the question. In addition, to the extent that otherwise responsive documents have been withheld on the basis of privilege, counsel will be asked if a privilege log relating to withheld documents has been prepared and provided to counsel for Defendants.

D.  RFP No. 19: All documents produced to you in response to third-party subpoenas issued by you in this case.

It appears that the dispute regarding this RFP may have been resolved. *See* Dkt. 647 at 12. The Court will inquire of counsel at the June 25, 2012 hearing to determine whether there is any lingering dispute as to this RFP.

E.  RFP No. 28: A copy of all advertisements by and communications from Cascade regarding any blended yarn product, i.e., a yarn composed of more than one type of fiber.

Plaintiff has produced electronic advertisements that it could locate on its computers, but contends that it would be unduly burdensome to require Plaintiff to scour past publications

1  (such as industry magazines) in search of advertisements.  Plaintiff also contends that the
2  request for "all communications" "regarding any blended yarn product" is overbroad.  The
3  Court will reserve this issue for argument.

F.  RFP No. 42/43[2]:  For the period of 1999 to the present, produce all period financial statements of Cascade including profit and loss statements (income statements or statements of operations), balance sheets, and statements of cash flows.

RFP No. 43/44[3]:  For the years 1999 to the present, product Cascade's general ledger (including chart of accounts) and any subsidiary ledgers.

It appears that after the parties met and conferred on May 30, 2012, Plaintiff produced some responsive documents on June 1, 2012.  Dkt. 647 at 17.  According to the KFI Defendants, the responsive documents include sales information for only some of the Yarns-at-Issue, and incomplete (or entirely missing) information for 2009 forward.  *Id.*  Plaintiff's counsel is forewarned that he will be directly asked by the Court if all responsive non-privileged documents have been produced, and the Court will expect a straight-forward answer and representation to the question.  In addition, to the extent that otherwise responsive documents have been withheld on the basis of privilege, counsel will be asked if a privilege log relating to withheld documents has been prepared and provided to counsel for Defendants.

//
//
//
//
//
//
//

---

[2] This RFP is number 42 according to Plaintiff's responses, and number 43 according to the KFI Defendants' request.  *See* Dkt. 647 at 14 n.2.

[3] This RFP is number 43 according to Plaintiff's responses, and number 44 according to the KFI Defendants' request.  *See* Dkt. 647 at 14 n.2.

ORDER
PAGE - 4

### III. CONCLUSION

For the reasons explained above, the Court GRANTS IN PART, DENIES IN PART, and RESERVES RULING IN PART Defendants' motion to compel. The Court will address the remaining RFPs at the June 25, 2012 hearing.

DATED this 22nd day of June, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge