UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., | Case No. 10-cv-00861-RSM-JPD |
| Plaintiff, | DISCOVERY ORDER – 10 |
| v. | |
| KNITTING FEVER, INC., et al., | |
| Defendants, | |
| v. | |
| ROBERT A. DUNBABIN, et al., | |
| Third Party Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the Plaintiff's submission regarding certain Defendants' responses to requests for production ("RFPs") and interrogatories. Dkt. 695. For the reasons explained below, the Court GRANTS IN PART and DENIES IN PART the motion (Dkt. 695).

ORDER
PAGE - 1

## II. BACKGROUND & ANALYSIS

**A.  RFPs to Knitting Fever and KFI, Inc. Regarding *Coats* Documents.**

>RFP No. 40: Produce copies of all declarations or sworn statements given by any agent, officer, or employee in the lawsuit with Coats in the Eastern District of New York.

>RFP No. 41: Produce copies of all deposition testimony transcripts taken in the lawsuit with Coats in the Eastern District of New York, including the depositions of Sion Elalouf, Dian Elalouf, Roy Klein, and Jay Opperman.

The Defendants objected to these requests on *inter alia* relevance grounds. *See* Dkt. 695 at 4. The Plaintiff contends that documents from the *Coats* litigation are relevant to this case to the extent that the documents are related to the claims and defenses in this lawsuit (or constitute impeachment evidence), or that they at least are reasonably calculated to lead to the discovery of admissible evidence because the *Coats* lawsuit involved the cashmere content of Debbie Bliss yarns. According to Defendants, the documents at issue are not relevant because they "dealt solely with a discrete discovery dispute between the parties and were unrelated to any allegations of mislabeling." Dkt. 695 at 7. While the Defendants' description of the documents at issue casts some doubt on the relative value of the documents to the Plaintiff, the Court nonetheless finds that the documents request is sufficiently reasonably calculated to lead to the discovery of admissible evidence, and thus the relevance objection is overruled.

The Defendants also raise a concern about the temporal limitations on discovery, however, arguing that because the documents requested were created before January 2006, they are outside the scope of discovery in this case under the Court's previous order. Dkt. 691 at 2 ("The discovery obligations of the parties relate back to January 1, 2006."). Judge Martinez has ruled on this issue with regard to *Coats* documents specifically, and ruled that "[Plaintiff] is free to question defendants at deposition regarding documents which are a matter of public record in the *Coats* case. However, document production shall be limited to January 1, 2006 and later." Dkt. 596 at 5:14-16. The Court presumes that the documents requested are

not in the public record.  Accordingly, according to Judge Martinez's prior ruling, the Defendants are not required to produce the *Coats* documents requested in these RFPs because they are outside the temporal scope of litigation.  Thus, Plaintiff's motion as to these RFPs is denied.

**B.  RFPs to KFI, Inc., Knitting Fever, and Sion Elalouf Regarding Cashmere Testing efore June 1, 2006.**

RFP No. 52[1]:  Produce all fiber-content test reports, and related correspondence, for all hand knitting yarns that purported to contain any quantity of cashmere that you received or commissioned at any time prior to June 1, 2006.

The parties' dispute as to this RFP is whether the Defendants must produce responsive documents that were created before January 1, 2006.  According to Plaintiff, the January 1, 2006 temporal limitation imposed by Judge Martinez and the undersigned does not apply unless it is explicitly provided.  According to Defendants, the temporal limitation applies unless it is explicitly carved out.

Judge Martinez's ruling imposing the January 1, 2006 temporal limitation on production of documents appears to be a blanket rule:

> The Court notes that a continuing source of dispute in the discovery is the relevant starting date for production of documents.  Defendants suggest that the appropriate date for document production is January 1, 2006.  Plaintiff asserts that the Court, by its silence on the matter, has impliedly declined to so limit the date.  To resolve this dispute and guide the parties in further discovery, the Court now finds that the relevant date for production of documents is January 1, 2006 as defendants contend.

Dkt. 596 at 4 (internal citations omitted).  As Plaintiff notes, Judge Martinez applied this rule to "further discovery," and did not instruct the parties to supplement previous responses in light of the new ruling.  Furthermore, in the paragraph following that above excerpt, Judge Martinez declines to require Defendants to produce pre-2006 documents on the grounds that

---

[1] The text of RFP No. 52 to KFI, RFP No. 52 to Knitting Fever, and RFP No. 16 to Mr. Elalouf are identical.  *See* Dkt. 695 at 9.

ORDER
PAGE - 3

they have been destroyed, not because they are outside the temporal scope. Dkt. 596 at 4-5. Nonetheless, Judge Martinez did reiterate that "document production shall be limited to January 1, 2006" and did not indicate that this ruling was limited to only certain requests. Dkt. 596 at 5. Thus, the undersigned understood Judge Martinez's temporal limitation to be a general rule that applied unless otherwise provided, and intended that its rulings and oral remarks on June 25, 2012, would be applied in that context.

With respect to this specific RFP, it appears that Judge Martinez has already previously ruled that Defendants must answer an interrogatory regarding fiber-content tests on the "yarns at issue" without imposing any temporal limitation. *See* Dkt. 492 at 2. Judge Martinez's temporal limitation, which was imposed after his ruling on the interrogatory, explicitly applies only to document production. Thus, Judge Martinez's ruling on the interrogatory does not support Plaintiff's argument that Judge Martinez contemplated that some pre-2006 documents would be produced even after the temporal limitation was imposed.

Thus, because the Court finds that the temporal limitation imposed by Judge Martinez in February 2012 was intended to apply to all future document production, the Court will deny Plaintiff's motion as to pre-2006 documents. The Defendants represent that they have already produced all responsive documents created January 1, 2006 or later, and no further production is necessary. Dkt. 695 at 14:2-3.

**C.  RFPs to Knitting Fever and KFI Seeking Import Records for Exquisite Cashmere Chunky and Super Chunky.**

RFP No. 51: Produce copies of the import manifestations and invoices for your receipts of all yarn that you sold as Exquisite Chunky and Super Chunky.

It appears that the parties' dispute as to this RFP has been resolved, after Defendants agreed to provide responsive documents. Dkt. 695 at 16-17. Thus Plaintiff's motion as to this RFP is denied as moot.

### D. Interrogatories Nos. 1 & 12 to KFI, Inc.

ROG No. 1: Identify any shipments from a yarn supplier, other than Knitting Fever, Inc., that you have received including the product, the consignor and consignee listed upon the invoice, and the invoice date (if there are more than 10 provide the most recent 10 only).

ROG No. 12: Who is responsible for the contents and labeling of your products? If you contend that more than one person is so responsible, or if you contend that the answer varies with different products, please identify all of the persons responsible for the labeling of your products, their roles and the respective products under their responsibility.

The only dispute remaining as to these interrogatories is Rule 33(d) specifications: Plaintiff requests Rule 33(d) specifications as to these interrogatories and Defendants have not yet provided them, though they indicate that they will "endeavor[] to provide this information to [Plaintiff] as soon as practicable[.]" Dkt. 695 at 17. The Court grants Plaintiff's motion as to these interrogatories, and orders Defendants to supplement their answers as promised no later than July 9, 2012.

### E. Interrogatory No. 18 to KFI, Inc. Seeking Its GS-1 Company Prefix.

ROG No. 18: Identify your GS-1 company prefix. Include in your identification any other company that uses your GS-1 company prefix, including the nature of such use (i.e., licensing your product).

Though KFI, Inc. previously objected to this interrogatory, it now agrees to provide "the information it possesses regarding this Interrogatory." Dkt. 695 at 19. Plaintiff requests that the Court impose sanctions for KFI, Inc.'s failure to respond sooner, but the Court declines to impose sanctions under these circumstances. The parties and the Court are expending significant time and resources in resolving disputes, and past delays do not justify imposing sanctions at this point.

### F. Interrogatory No. 19 to Designer Yarns, Ltd. Seeking Identification of Fiber Analysis Reports Pre-Dating June 1, 2006.

ROG No. 19: Identify all fiber-content test reports, for all hand knitting yarns that purported to contain any quantity of cashmere, of which you were made aware of the existence at any time prior to June 1, 2006. In your response indicate the facility that performed the testing, the yarn tested, and any identifying information known to you such report (Such as date or reference number).

The only remaining dispute as to this interrogatory is whether the January 1, 2006 temporal limitation applies. As discussed in Part II.B *supra*, Judge Martinez's temporal limitation explicitly applied to the production of documents. But as also discussed in Part II.B *supra*, Judge Martinez previously required KFI to answer a similar interrogatory, with no temporal limitation applied. *See* Dkt. 492 at 2. The Court finds that the spirit of Judge Martinez's temporal limitation would be violated if Designer Yarns were required to collect, review, and retype pre-2006 documents in an interrogatory answer, yet not be required to produce those documents in response to a similar RFP. Because Designer Yarns has represented that it is not aware of any responsive documents between January 1, 2006, and June 1, 2006 (Dkt. 695 at 23), the Court will deny Plaintiff's motion as to this interrogatory.

### III. CONCLUSION

For the reasons explained above, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's motion (Dkt. 695).

DATED this 29th day of June, 2012.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge