UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> KNITTING FEVER, INC., et al., <br><br> Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> ROBERT DUNBABIN, SR., et al., <br><br> Third-Party Defendants. | CASE NO. C10-861RSM <br><br> ORDER ON RULE 72(a) OBJECTION |
| CASCADE YARNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMMEPIEFFE S.R.L., a foreign limited liability corporation, <br><br> Defendant. | |

This matter is before the Court for consideration of defense counsel Pepper Hamilton's[1]

---

[1] Defense counsel includes both attorneys from Pepper Hamilton, LLP in Philadelphia, Pennsylvania, admitted *pro hac vice*, together with local counsel from Davis Wright Tremaine LLP. Together, they represent Knitting Fever, Inc., and six other defendants in this case. Defense counsel may also be referred to in this Order as "counsel for KFI" or "KFI's counsel."

ORDER - 1

Objection to an Order entered by the Honorable James P. Donohue, United States Magistrate Judge, denying a motion for reconsideration on sanctions entered against counsel. Dkt. # 866.  The motion is brought pursuant to Fed.R.Civ.P. 72(a), which directs the Court to consider timely objections to a magistrate judge's Order, and to modify or set aside any part of the Order that is "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).  Counsel asserts that it was clear error for Judge Donohue to impose sanctions without notice or the opportunity to be heard.   After careful consideration of the relevant portions of the record, the Court finds no error, and declines to modify or set aside the Order.

## BACKGROUND AND DISCUSSION

On May 17, 2012, the Court referred pending discovery motions in this case to Judge Donohue, pursuant to an earlier Order appointing him as Special Master for discovery in this case. Dkt. ## 596, 633.  Judge Donohue promptly issued an Omnibus Discovery Order in which he stated, "[T]he Court sets forth the following procedures **by which all discovery matters** will be addressed by the Court." Omnibus Order, Dkt. # 638, p. 2 (emphasis added).  He then described a modified procedure for filing a Local Rule 37 joint submission.  Following that, he directed,

> This Rule 37 Joint submission shall be filed no later than June 15, 2012.  The Court will also require lead counsel for all parties participating in the discovery dispute to appear in court for a discovery conference at 1:30 p.m. on June 25, 2012 in Courtroom 12A, at which time the Court will rule from the bench and award sanctions, if necessary.
>
> The parties are forewarned to take their meet and confer responsibilities seriously, and to choose their discovery battles carefully. . . .
>
> To the extent that any other discovery disputes arise before the [discovery cutoff date], the parties shall utilize the Rule 37 expedited process to bring the disputes for resolution by the Court as soon as possible.

Omnibus Discovery Order, Dkt. # 638, p. 3.

On August 9, 2012, counsel for plaintiff Cascade Yarns, Inc., ("Cascade") wrote to Judge Donohue regarding discovery problems, asserting in particular that counsel for KFI had rebuffed attempts to meet and confer regarding several issues. Dkt. # 732.  In a Minute Order filed August 10, 2012, Judge Donohue declined to reach the merits of the dispute and ordered counsel for the parties to meet and confer by telephone no later than August 14, 2012. Minute Order, Dkt. # 733.  In the event of

ORDER - 2

an impasse, Judge Donohue directed that "counsel for both parties are directed to meet and confer in person at the offices of Davis Wright Tremaine, LLP in Seattle, Washington," no later than August 20, 2012. *Id*. If the parties were still unable to resolve the dispute after the face-to-face meeting, they were given leave to re-submit the issue to the Court. *Id*. It is the language of this Minute Order which forms the basis for the current Objection by Pepper Hamilton.

On August 22, 2012, counsel for Cascade wrote to the undersigned district judge and advised that the parties had been unable to resolve the discovery dispute. Dkt. # 737. Counsel also advised the Court that only local counsel Warren Rheaume appeared in person on behalf of KFI; Pepper Hamilton counsel Joanna Cline appeared by telephone, and Pepper Hamilton counsel Joshua Slavitt apparently did not appear at all. *Id*. Cascade requested in the letter both monetary and evidentiary sanctions against KFI:

> Given that Cascade was forced to travel to Seattle, in a final effort to resolve this, and the primary attorneys for defendants failed to appear in person, Cascade requests that it be reimbursed fees and costs for KFI's refusal to comply with this Court order. Should the Court determine that fees and costs are warranted, Cascade will submit it [sic] statement of reasonable fees and costs. As evidenced by its conduct thus far, KFI never intended to comply with the Court's Order. Thus evidentiary sanctions are warranted. Cascade requests that KFI be precuded [sic] from offering evidence or testimony regarding its sales or profits [as rebuttal evidence].

*Id*., p. 3. The dispute was again referred to Judge Donohue for resolution, in his capacity as Special Master for discovery issues. Dkt. # 740.

Judge Donohue, with specific reference to Ms. Cline's appearance by telephone instead of in person, directed KFI to respond to Cascade's request for sanctions by August 31, 2012. He also ordered "counsel responsible for trying this case" to appear in person for a hearing on this dispute on September 10, 2012. Dkt. # 763, p. 2. KFI's letter response, written by Joshua Slavitt (who did not appear at the August 20 conference), addressed matters at issue in the discovery dispute, and described it as an "in-person" conference at which "Mr. Guite was present in person, and "[p]resent for KFI were Mr. Rheaume (in person) and Ms. Cline (via telephone)." Dkt. # 769. He complained that "rather than proceed in good faith according to the agreement reached on August 20th," Cascade filed the August 22 letter without waiting for answers promised by KFI.

ORDER - 3

> Because of Cascade's haste, it has presented matters to the Court for resolution prematurely, and which do not require the Court's intervention. . . . Having precipitously, and unnecessarily, sought the Court's involvement, which now requires KFI to respond—both by this letter and its anticipated attendance at a hearing scheduled for September 10, 2012—KFI requests an award of its fees and costs.

*Id.*, p. 4-5. Nowhere in this letter did KFI address the matter of Ms. Cline's appearance by telephone instead of in person at the August 20 conference.

The September 10 in-court hearing was attended by Cascade counsel Mr. Guite and Robert Dunbabin, Jr., and Ms. Cline and Mr. Rheaume on behalf of KFI. After ruling on the pending discovery issues, Judge Donohue described Cascade counsel's repeated failure to comply with meet and confer requirements before filing discovery motions. Then, turning to address KFI counsel, he stated,

> That being said, it is not simply the plaintiff who is —the defendants in this case are not without sin. I called a —I directed a conference, settlement conference here in Seattle and, Ms. Cline, you appeared by phone. Frankly, I was expecting an in-person conference, just as Mr. Guite flew up. And part of it was—I know I shouldn't have to do this, but part of it was to put you all in the same room at the same time, and that was a wasted trip from my perspective on behalf of Mr. Guite. There was a reason that I called for individual participation in this case, and yet that didn't take place either.
>
> I'm going to direct that in light of the repeated failures to comply, that counsel for the plaintiff will pay $1500 in sanctions to the Court. And, Ms. Cline, in light of your failure to come out here, you will pay for the travel expenses, not for the legal expenses, but for the travel expenses. You will reimburse him for his travel expenses to come from San Francisco to Seattle. . . . .

Transcript of Proceedings, September 10, 2012 Discovery Hearing, filed at Dkt. # 862, p. 49.

Counsel for KFI requested an opportunity to speak. Judge Donohue responded that "You can speak all you want. You will not change my mind. . . but you can speak all you want, you can make your record if you wish." *Id.* Mr. Rheaume then spoke on behalf of KFI:

> Thank you, Your Honor. I'm not suggesting you change your ruling in any way. I do think the Court should be advised of the factual basis that concerns you. We were fully aware of your direction in Docket 733 that if the parties are unable to reach a resolution by telephone at that time, counsel for both parties are directed to meet and confer in person at the offices of Davis, Wright, Tremaine, my office.
>
> Ms. Cline called me when the impasse was reached and said to me, "Do you think I need to come up for this hearing?" I said, "Joanna, I'm substantively involved in this case. I have been from the outset  I will be one of the attorneys trying the case. I will not simply be local counsel, the proverbial potted plant." And I said, "That being the case, and the

ORDER - 4

fact that I know well what is going on in this case, no, I don't think you need to be here. I'd like it if you were available by telephone because you understand some of the facts better than I do."

She agreed. She was. We met for an hour and a half. We came to what we thought was agreement on all open subjects. So I hear you loud and clear, but I advised Pepper Hamilton that I believed it was not necessary. The order didn't say "lead counsel." We're not even sure who that would be at this point. And I wanted the Court to be aware of that fact, particularly with regard to her decision-making.

*Id.*, pp. 51-52. The Court responded,

Very well. The order stands. Generally, when we say "meet and confer," we say—we don't include a requirement that they physically are present. When we say meet and confer with counsel physically present, I mean counsel who know those issues and, frankly, Ms. Cline, that would be you on the discovery side.

. . . .

But that being the case, I directed counsel to be physically present for a reason and I would have expected you to be present at that, and it is one that, again, these are token, from my perspective, token sanctions. . . . The parties—the clients may really dislike each other, but the lawyers have to figure out a way to deal with each other civilly and responsibly. And so that will be my order.

*Id.*, pp. 52-53.

The following day, Judge Donohue memorialized his rulings in a written Order, stating,

Finally, the Court notes that both parties have requested sanctions, or an award of fees and costs, to penalize opposing counsel for their conduct during discovery in this case. Although the undersigned is loathe to award sanctions in this case or any case, the Court finds that sanctions are appropriate for the reasons stated on the record.

Accordingly, the Court hereby ORDERS counsel for Cascade, Robert Guite, to pay $1,500 into the treasury of the Clerk of the Court due to his consistent failure to meet and confer with opposing counsel before filing letters with the Court requesting intervention in the parties' discovery disputes, despite repeated admonitions by the Court. The Court further ORDERS that counsel for KFI, Pepper Hamilton, reimburse Robert Guite's travel expenses (but not professional time) for his recent trip to Seattle to meet and confer in person at the Offices of Davie Wright Tremaine, LLP, on August 20, 2012, due to the failure to appear in person as directed by this Court's Order dated August 10, 2012.

Discovery Order 14, Dkt. # 787, p. 8.

KFI moved for reconsideration of Judge Donohue's Order, specifically the imposition of sanctions for Ms. Cline's failure to appear in person at the conference on August 20, 2012. Dkt. # 801.

ORDER - 5

KFI stated,

> This motion for reconsideration rests on the Court's language directing "counsel for both parties" to attend the August 20 conference. In issuing discovery-related orders, the Court has been specific about which counsel should attend certain conferences. A prior order, dated May 22, 2012, was more specific, directing "*lead counsel for all parties participating in the discovery dispute*" to appear for a court conference on June 25. (Dkt. # 638 at 3) (emphasis added). A subsequent order, dated August 27, 2012, again specifically directed "*counsel responsible for trying this case*" to appear at a court conference on September 12. Dkt. 763 at 2) (emphasis added).

Motion for Reconsideration, Dkt. # 801, p. 2. Thus, according to KFI, there was no clear directive in the August 10, 2012 as to which KFI counsel should appear in person, and no basis for sanctions for Ms. Cline's failure to appear. Judge Donohue denied the motion, finding the reference to language in the August 27 Order "not particularly persuasive." Similarly, he rejected the invocation of the earlier May 22 Order as "not persuasive." noting that "if anything, it points to the fact that this Court has consistently been directing face-to-face meetings in extremely contentious discovery battles." Discovery Order 15, Order on Motion for Reconsideration, Dkt. # 821, p. 3.

KFI counsel Pepper Hamilton now objects to the denial of the motion for reconsideration, arguing that (1) Mr. Rheaume's in-person attendance at the August 20 conference was not a violation of the August 10 Minute Order, and (2) Pepper Hamilton was not given proper notice and opportunity to be heard before being sanctioned. Objection to Discovery Order 15, Dkt. # 866. As to ground (1), Pepper Hamilton asserts the same argument made to the magistrate judge: namely, that the August 10 Order directed only that "counsel for both parties" were required to attend in person, in contrast to other Orders in which Judge Donohue directed "lead counsel" or "counsel responsible for trying the case" to appear in person. Objection, Dkt. # 866, p. 7, citing May 22, 2012 and August 27, 2012 Orders, Dkt. ## 638, 763.

The Court rejects the citation to the later Order filed August 27, 2012 as irrelevant; this could have played no role whatsoever in counsel's misunderstanding of the language of Judge Donohue's directive. As to the May 22, 2012 Order (Dkt. # 638), in which Judge Donohue required "lead counsel for all parties participating in the discovery dispute to appear in court," the Court notes that this language appeared in the Omnibus Discovery Order. This Omnibus Order was issued by Judge

ORDER - 6

Donohue at the beginning of his tenure as Special Master, and he specifically set forth in that Order "procedures by which all discovery matters will be addressed by the Court." Dkt. # 638, p. 2. That language should have put all counsel on notice as to what was expected when a personal appearance was ordered. To the extent that KFI counsel had any question about the more abbreviated language in the August 10 Minute Order, despite the clear and explicit directive in the Omnibus Discovery Order, Pepper Hamilton should have sought clarification from the Court, not from local counsel. The Court therefore declines to accept the argument that the directive was not clear, and finds it does not excuse Pepper Hamilton's non-compliance.

As to ground (2), lack of notice and opportunity to respond, KFI asserts that this Court must sustain objections to a magistrate's order imposing sanctions "when the sanctioned party did not have notice and an opportunity to be heard." Objections, Dkt. # 866, p. 6. "When Magistrate Judge Donohue issued his ruling at the September hearing without notice or the benefit of argument from counsel for KFI, the Magistrate Judge did not have at his disposal the language of prior orders and was not privy to certain facts potentially relevant to his decision." *Id*. The specific information of which Judge Donohue "may have been unaware," according to Pepper Hamilton, includes (1) the extent of Mr. Rheaume's substantive involvement in this case; (2) Ms. Cline's position as a Pepper Hamilton partner and her significant role in the case with respect to the discovery matters at issue, and (3) the fact that Cascade does not have local counsel. *Id*., p. 7. This argument fails to explain how any of this information could have led to a different result than the imposition of sanctions. Indeed, it was Ms. Cline's significant role in the case and specifically her familiarity with discovery issues that required her in-person presence, according to Judge Donohue. Further, KFI's argument with respect to Cascade's counsel is irrelevant to the issue underlying sanctions against Pepper Hamilton.[2] Thus the argument that Judge Donohue lacked complete information about these matters before his ruling imposing sanctions is

---

[2] It appears from the transcript of the hearing that had Judge Donohue been aware beforehand that Mr. Guite is admitted to practice in this district, the sanction against him would have been greater than the $1500 that was imposed. Transcript of Proceedings, Dkt. # 862, p. 50 ("then, frankly, you got off easy, because then you should know what the expectations are of people who are admitted to—and you are not meeting that in terms of the civility and professionalism.")

ORDER - 7

unpersuasive.

Nor is Pepper Hamilton's argument based on "notice and opportunity to be heard" persuasive. Cascade complained of the failure of KFI's "primary attorneys" to appear in person at the August 10 meeting in its August 22 letter to the Court, and requested reimbursement of fees and costs "for KFI's refusal to comply with this Court order." Dkt. # 737. That was notice. Judge Donohue in his Minute Order of August 27, 2012, then specifically directed KFI to respond to Cascade's request for fees and costs, noting that:

> In an attempt to resolve this dispute, the parties conferred by telephone on August 12, 2012 and met in person in Seattle, Washington on August 20, 2012. However, although Cascade's primary counsel traveled to Seattle for the in-person conference as directed by the Court's Order dated August 10, 2012, Cascade asserts that KFI's primary legal counsel, Ms. Cline, failed to attend the August 20 conference in person. Instead, "Mr. Rheaume appeared with Ms. Cline attending via telephone. Mr. Rheaume has not participated in any of our prior efforts to meet and confer." Dkt. # 737. Cascade requests an award of fees, costs, and evidentiary sanctions. Dkt. # 737.
>
> Based upon the plaintiff's letter, Dkt. # 737, and the balance of the record, the Court ORDERS as follows:
>
> (1) KFI is directed to file a response to Cascade's August 22, 2012 letter, Dkt. # 737, **by no later than 4:00 p.m. on Friday, August 31, 2012.**
>
> (2) Counsel responsible for trying this case are hereby ORDERED to appear in person at the U.S. District Court in Seattle in courtroom 12A on **September 10, 2012, at 1:30 p.m.** for a hearing to address the parties' dispute.

Minute Order, Dkt. # 763, p. 2 (emphasis in original). This Minute Order constitutes both notice to KFI that counsel's failure to appear in person was a potential basis for sanctions, and an opportunity to be heard on that issue. KFI was directed to file a response to the issues presented in Cascade's August 22 letter, including the issue of sanctions (which was specifically referenced in the Minute Order), but the response that was filed, as noted above, addressed only the underlying discovery dispute, not the sanctions. By its failure to address the matter of sanctions in its written response, KFI waived any right to speak on the issue before Judge Donohue issued his ruling. KFI will not now be heard to claim that it was not given an opportunity to respond to this issue.

Foster Pepper's Rule 72(a) Objection (Dkt. # 866) to the Order denying reconsideration is

ORDER - 8

OVERRULED, and the sanctions imposed by Magistrate Judge Donohue are SUSTAINED.

Dated this 16th day of November 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9