UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> KNITTING FEVER, INC., et al., <br><br> Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> ROBERT DUNBABIN, SR., et al., <br><br> Third-Party Defendants. | CASE NO. C10-861RSM <br><br> ORDER ON MOTIONS FOR RELIEF FROM DEADLINE |
| CASCADE YARNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EMMEPIEFFE S.R.L., a foreign limited liability corporation, <br><br> Defendant. | |

This matter is before the Court for consideration of two motions for relief from deadlines filed by plaintiff Cascade Yarns, Inc. ("Cascade"). Dkt. ## 950, 958. Defendant Knitting Fever, Inc., and others ("KFI defendants") have opposed both motions. Having considered the motions, responses, and replies, and the balance of the record, the Court finds and rules as follows:

ORDER - 1

1    (1) <u>Motion for Relief from Deadline to Bring a Motion to Consolidate</u> (Dkt. # 950)

2    In this motion, plaintiff seeks leave to file a motion for consolidation of another case it has filed against defendants, *Cascade Yarns, Inc., v. Knitting Fever, Inc., et al*., C13-674RSM ("*Cascade II*"), with this case ("*Cascade I*"). In the alternative, Plaintiff seeks leave to amend the complaint here to add the claims presented in C13-674RSM. Plaintiff filed *Cascade II* on April 15, 2013, presenting claims under the Lanham Act, 15 U.S.C. § 1125(a), for false advertising and unfair competition, together with state law claims of unfair competition in violation of the Washington Consumer Protection Act and common law. An amended complaint was filed July 3, 2013. The claims in the *Cascade II* amended complaint are based on allegations that some of defendants' yarns are falsely labeled as to country of origin. Defendants have asserted similar Lanham Act claims for false designation of country of origin against Cascade as counterclaims in *Cascade I*.

In opposing the motion for relief from deadline, the KFI defendants assert the same arguments they advanced in a motion to dismiss the amended complaint in *Cascade II*: the complaint fails to state a valid claim under the Lanham Act or other laws, and it violates the prohibition against claim-splitting. Both arguments were rejected by the Court in denying KFI's motion to dismiss in *Cascade II*, and the Court need not discuss them further here.

KFI also contends that Cascade has not been diligent in pursuing the claims filed in *Cascade II* and in asking for relief from the deadlines in place in *Cascade I* for the purpose of moving to consolidate. However, the Court finds that this motion, filed just two months after the initial complaint was filed in *Cascade II*, and before the amended complaint was filed, does not represent a lack of diligence. That is particularly so in light of the parties' stipulation, in *Cascade II,* to extend the time for defendants to respond to the complaint to June 17, 2013. See*,* C13-674RSM, Dkt. # 7. Defendants filed their motion to dismiss that day, and this motion for relief from deadline followed only three days later, on June 20, 2013.

This motion was also filed within a reasonable time after the entry of the Scheduling Order from which Cascade seeks relief. Dkt. # 935. That Order set a trial date of November 12, 2013, and the first pretrial preparation motions are not due until October 15, 2013. *Id*. A motion to consolidate is not

ORDER - 2

specifically prohibited by any of the deadlines set in the Order.

While the Court cannot assess the actual merits of a motion to consolidate without seeing the motion and opposition, it notes that it is possible that consolidation of the two cases, with their mirror-image Lanham Act claims for false designation of country of origin, may well be in the interest of judicial economy. As defendants have advanced no convincing reason why the Court should not at least consider such a motion, Cascade's motion for relief from deadlines is GRANTED. The motion for consolidation shall be filed within two weeks of the date of this Order.

(2) <u>Motion for Relief from Deadline to Renew Motion for Summary Judgment on "Country of Origin" Claims</u> (Dkt. # 958)

Cascade also moves for relief from the deadline for filing summary judgment motions, which expired May 23, 2013. Dkt. # 935. Cascade contends that such motion is necessary because KFI has changed its position on proper designation of country of origin on yarn labels. That is, according to Cascade, KFI in defending the validity of its own yarn labeling has now asserted that a label which only indicates the country of the supplier of the yarn is sufficient. This is the opposite of what KFI asserted in its counterclaims against Cascade—namely that some of Cascade's King Cole yarns are improperly labeled because they only indicate the country where King Cole is located (UK), rather than the country where the yarn was manufactured. Thus, Cascade contends, it should be able to bring a renewed motion for summary judgment on KFI's counterclaim against Cascade for false designation of origin, because under KFI's "new" theory, the country of origin (UK) is properly indicated on its King Cole yarns. It would be unfair, according to Cascade, to allow KFI to maintain one position in defending its own labels while asserting a different one in attacking Cascade's labels.

This argument misrepresents KFI's position. As KFI explains in opposing Cascade's motion, its position has not changed and is "succinctly stated by the following three statements:"

(1) A country of origin must be identified on the labels of all knitting yarn.

(2) If the country of the supplier is *also* the country of origin for the yarn, then country of origin labeling requirements *are satisfied* even if the only country appearing on the label is the country of the supplier.

(3) If the country of the supplier is *not* the country of origin for the yarn, then country of

ORDER - 3

origin labeling requirements *are not satisfied* if the only country appearing on the label is the country of the supplier.

KFI's Opposition, Dkt. # 959, p. 2.

    KFI's straightforward explanation adequately demonstrates that it has not changed its position on designation of country of origin as Cascade contends. In reply, Cascade seeks to present evidence that KFI's yarn labels do not in fact comply with this formulation. Declaration of Robert Guite, Dkt. # 960-1, Exhibits A - E. These exhibits may create an issue of fact to present to the jury at trial; they do not constitute grounds for allowing Cascade to bring a late summary judgment motion. The motion for relief from deadline to bring a renewed summary judgment motion on KFI's counterclaims is accordingly DENIED.

    DATED this 3 day of September 2013.

                                                          RICARDO S. MARTINEZ
                                                          UNITED STATES DISTRICT JUDGE

ORDER - 4