UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington Corporation<br><br>     Plaintiff,<br><br> v.<br><br>KNITTING FEVER, INC., KFI, INC., DESIGNER YARNS, LTD., SION ELALOUF, JAY OPPERMAN, DEBBIE BLISS, EMMEPIEFFE SRL, and DOES 1-50,<br><br>     Defendants,<br><br> v.<br><br>ROBERT A. DUNBABIN, SR., JEAN A. DUNBABIN, ROBERT A DUNBABIN, JR., and SHANNON M. DUNBABIN,<br><br>     Third Party Defendants. | NO.  C10-861 RSM<br><br><br><br>ORDER ON MOTIONS |

  This matter comes before the Court for consideration of Plaintiff Cascade Yarn, Inc.'s Motion to Consolidate Cases (Dkt. # 963) and Motion for Relief from Deadline to Conduct Discovery and Continue Trial Date (Dkt. # 967), as well as Motion for Relief from Deadline to Sever Country of Origin Counterclaims by Defendants Knitting Fever, Inc. and KFI, Inc. (collectively, "KFI")( Dkt. # 976). Plaintiff moves the Court to consolidate this action ("*Cascade I*") with another action filed by Plaintiff in 2013 against the KFI Defendants, *Cascade Yarns, Inc.*

ORDER ON MOTIONS - 1

*v. Knitting Fever, Inc., et. al.*, C13-674RSM ("*Cascade II*"). For the reasons set forth herein, Plaintiff's motion to consolidate is GRANTED, Defendants' motion is DENIED, and this action shall be consolidated with *Cascade II*. Plaintiff's motion for relief from deadline is accordingly DENIED as moot.

**Background**

The background of this dispute is well known to the parties, and only those details relevant to the instant motions shall be summarized here. Plaintiff Cascade Yarns, Inc., ("Cascade") sells luxury yarns, some of them a blend of wool with other natural fibers, including kid mohair, silk, and cashmere. The yarns, bearing the Cascade brand label, are sold through retail yarn shops and boutiques around the United States. Defendant Knitting Fever, Inc. is one of Cascade's chief competitors. KFI is a distributor of a number of brands of luxury yarns, including the popular Debbie Bliss line.

Cascade filed this action on May 24, 2010, followed by four successive amended complaints, all alleging that certain yarns sold by KFI are mislabeled as to fiber content, and that such mislabeling constitutes false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), as well as the Washington Consumer Protection Act (CPA), RCW 19.86.  Dkt. # 2. KFI counterclaimed against Cascade and its principals as third party defendants for defamation and false statements, and also claimed that certain Cascade yarns are mislabeled as to fiber content or as to country of origin. Dkt. # 182.  On October 29, 2012, after it disqualified Plaintiff's expert on fiber testing for lack of reliability (Dkt. # 865), the Court granted Defendants' motions for summary judgment and dismissed all claims asserted by Cascade in its Fourth Amended Complaint. Dkt. # 886. The Court subsequently granted Plaintiff's several motions for summary judgment in part, dismissing KFI's unfair competition counterclaims based on alleged mislabeling as to fiber content (Dkt. # 891) and all counterclaims

concerning Cascade's allegedly false statement excepting those based on KFI's milk fiber yarns. Dkt. # 962. As a consequence, the only claims remaining in this lawsuit are (1) KFI's counterclaims for unfair competition under the Lanham Act and Washington common law based on country of origin labeling of certain Cascade yarns ("country of origin claims"), and (2) KFI's counterclaims, arising from Cascade's "Milk Protein Fiber Hype" posting on its website, for unfair competition under the Lanham Act and Washington common law, defamation, and tortious interference with contract and business expectancies ("defamation claims").

Shortly after the Court denied Cascade's motion for reconsideration on the dismissal of claims based on fiber content, Cascade filed a second action against KFI. In *Cascade II*, Cascade asserts claims under the Lanham Act for unfair competition and false advertising, together with state law claims for unfair competition in violation of the CPA and common law, all concerning KFI's labeling of certain of its own yarns as to their country of origin. *Cascade II*, Dkt. ## 1, 14. Cascade was purportedly deterred from seeking leave to add its "newly discovered claims" to its operative complaint in *Cascade I* by this Court's admonition that further requests to amend would be highly scrutinized and instead filed them in a separate action. Dkt. # 963, p. 2. Cascade asserts that it was only in July 2012, at the close of discovery under the Court's scheduling order in *Cascade I*, that it "became aware of certain yarns sold by KFI that did not identify a country of origin." Dkt. # 963, p. 5. Many of these yarns were evidently brought to market from late 2011 through 2013. Dkt. # 950, Exs. B-G. *See also*, *Cascade II*, Dkt. # 11, Ex. A, ¶¶ 15-17. Cascade further asserts that it was only through Mr. Elalouf's declaration of July 22, 2013 that it garnered affirmative evidence that several of the yarns were made in China (*Cascade II*, Dkt. # 17, Ex. B), despite bearing labels associating them only with Italy when purchased on the market by Cascade. Dkt. # 960, Exs. A-D.

Cascade now seeks to consolidate the two matters, which the Court has previously characterized as asserting "mirror-image Lanham Act claims for false designation of country of

origin." Dkt. # 934, p. 3. Cascade has also, out of "an abundance of caution," filed a motion requesting relief from the Court's Scheduling Order of May 8, 2013, in order to conduct limited discovery regarding its unclean hands defense to KFI's counterclaims based on false or misleading country of origin labeling. Dkt. # 967. Cascade acknowledges that this motion will be moot should the Court grant its motion to consolidate. *Id.* at p. 2. Through its response brief, KFI improperly sought to voluntarily sever its country of origin claims without prejudice to reasserting them in *Cascade II*. After being admonished by Cascade's counsel that the Federal Rules of Civil Procedure bar it from withdrawing claims in response to a motion, KFI filed a new motion seeking relief from deadline to sever its country of origin counterclaims. Dkt. # 976. This Order will address all three motions.

## Analysis

### Motion to Strike

As an initial matter, the Court denies as moot Plaintiff's motion to strike Defendants' citation to and discussion of *Interscope Records v. Leadbetter*, 2007 WL 1217705 (W.D. Wash. 2007). Cascade asserts that KFI's reference to *Interscope Records* in its response to Plaintiff's Motion to Consolidate is misleading and unsupported by the cited case. Dkt. # 968, p. 5. KFI has responded that it mistakenly cited to the wrong docket entry for the disputed case, has provided a declaration supporting counsel's inadvertence (Dkt. # 972), and has provided the Court with a copy of the intended order as well as a corrected copy of its response to Cascade's Motion to Consolidate. *Id.* at Exs. 1, 3. The Court finds that Defendants' corrected response brief, which aptly cites to the quoted material, moots Plaintiff's motion to strike.

### Severance of Claims

Fed. R. Civ. P. 21 provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Rule 21 may be used to "sever claims of parties, otherwise permissibly joined, for purposes of convenience, to avoid prejudice, or to

ORDER ON MOTIONS - 4

promote the expeditious resolution of the litigation." *Ferger v. C.H. Robinson Worldwide, Inc.*, 2006 WL 2091015, *1 (W.D. Wash. 2006). The court exercises broad discretion in determining whether to sever claims that are "discrete and separate." *Anticancer, Inc. v. Pfizer, Inc.*, 2012 WL 1019796, *1 (S.D. Cal. 2012)(quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). *See also*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000)(noting that a district court possesses "broad discretion…to make a decision granting severance."). Courts consider the following factors in determining whether to sever a claim under Rule 21:

> "(1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for the separate claims."

*Anticancer, Inc.*, 2012 WL 1019796, at *1(quoting *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. 2010)).

Defendants argue that all of the applicable factors favor severance. In particular, KFI asserts that the claims it seeks to sever – those based on Cascade's country of origin labeling of its own yarns – are factually and legally distinct from the second set of claims, which concern Cascade's statements about KFI and its yarns. KFI also asserts that severance will further the efficient administration of justice by allowing KFI to file its country of origin claims in *Cascade II* and permitting the trial on its defamation counterclaims in the present case without further delay. Plaintiff contends that Defendants' late-stage attempt to sever its country of origin claims is an attempt to use Rule 21 as a tool to gain a tactical benefit in its endeavor to prevent consolidation of the two cases. Plaintiff also contends, and Defendants dispute, that its unclean

ORDER ON MOTIONS - 5

hands defense is probative with respect to both KFI's defamation and country of origin counterclaims and that the two sets of claims should properly remain joined.

The Court finds that KFI has not carried its burden to establish the necessity of severance. The subject matter of KFI's counterclaims is not so distinct that two separate trials, with two separate juries, is warranted. Both sets of counterclaims involve identical parties, are brought under identical statutory provisions, and are likely to involve many of the same witnesses. The fact that KFI's two counterclaims concern different sets of allegedly false or misleading statements made by Cascade is insufficient to render them sufficiently discrete and separate so as to warrant severance.

As the parties are well aware, this litigation has been unduly protracted and burdensome. Insufficiently supported efforts to prolong the resolution of pending claims will not be entertained. The Court finds that the interests of judicial economy and efficiency are served by maintaining KFI's dual Lanham Act counterclaims in a single action. While the Court refrains from holding at this stage on the reach of Cascade's unclean hands defense, it notes that this issue can be readily resolved through a motion in limine, as already filed by both parties in anticipation of trial. Dkt. ## 977, 978. KFI has failed to convince the Court that, were it to find that Cascade's unclean hands defense reaches no further than KFI's country of origin counterclaims, a jury instruction would not cure any potential jury confusion and prevent prejudice to KFI's case.

**<u>Consolidation</u>**

Federal Rule of Civil Procedure 42(a) permits consolidation of actions "involving a common question of law or fact." Courts have broad discretion to consolidate cases pending in the same district. *Investors Research Co. v. U. S. Dist. Court for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether consolidation is warranted, courts look to the existence of common questions of law or fact and weigh the interests of judicial economy against

any delay or prejudice that could result. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd*, 2006 WL 2329466, *1 (N.D. Cal. 2006)(granting consolidation where common questions of law and fact exist and judicial economy would be served).

      Having denied Defendants' motion to sever country of origin counterclaims, the Court finds that consolidation is warranted. It is within the broad discretion of the Court to determine whether consolidation of the two actions pending before it is appropriate. Here, the two actions involve identical parties and mirror-image claims of unfair competition regarding KFI and Cascade's respective labeling practices as to country of origin of certain of their yarns. Common questions of law unquestionably exist, as claims in both actions are brought under the Lanham Act and identical provisions of Washington common law. As Plaintiff maintains, its intended unclean hands defense to KFI's counterclaims invokes questions of fact identical to those that are relevant to its country of origin claims in *Cascade II*. Both cases will likely involve overlapping fact and expert witnesses as to all claims. Far from prejudicing either party, consolidation avoids the danger that two juries reach inconsistent results in two separate trials. *See Dusky v. Bellasaire Investments*, 2007 WL 4403985 (C.D. Cal. 2007)("The purpose of consolidation is to enhance court efficiency and avoid the danger of inconsistent adjudications."). Judicial economy is undoubtedly advanced by consolidating these related actions into a single trial and moving them both toward resolution of a long-protracted dispute. *See, e.g.*, *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)(holding that it was "appropriate to consolidate [] claims and avoid the inefficiency of separate trials involving related parties, witnesses, and evidence."); *Sanchez v. Diaz*, 2012 WL 3308954, *2-3 (E.D. Wash. 2012).

      KFI's argument that consolidation is inappropriate as it will result in unreasonable delay is unavailing. KFI claims that the difference in the maturity of the actions militates against consolidation, relying for support on *Interscope Records*, 05-cv-1149, at 3. However, KFI

ORDER ON MOTIONS - 7

overlooks critical differences between the present actions and those for which the *Interscope* court denied consolidation. While the present actions involve identical parties, *Interscope* concerned actions with two different defendants, one of whom had not yet answered plaintiff's complaint. Defendant in *Cascade II* has not only answered the complaint but also filed a motion to dismiss, which has been denied by the Court. *See Cascade II*, Dkt. # 25. The *Interscope* court was also swayed by the fact that, as the parties in the more mature action had not demanded jury trial, consolidation would not appreciably conserve judicial resources should the defendant in the second action make a jury demand. *See Interscope Records*, C05-1149, at 4. By contrast, jury demand has been made in both *Cascade I* and *Cascade II*. Contrary to KFI's assertions, review of the factors considered by the *Interscope* court in fact militates in favor of consolidation here.

Moreover, consolidation of the instant actions will cause only a brief delay. Trial in *Cascade I* has already been rescheduled due to a conflict in the Court's trial calendar and discovery for Cascade's country of origin claims will be limited to a brief period so as to maintain expeditious resolution of all claims.

**Relief from Deadline to Conduct Discovery**

As the Court has decided that consolidation is warranted, a new scheduling order for the consolidated action will be issued permitting a brief discovery period related to Cascade's country of origin claims asserted in *Cascade II*. The reopening of discovery for the consolidate action thereby moots Cascade's motion for relief from deadline to conduct discovery to support its unclean hands defense in *Cascade I*.

**Conclusion**

For the foregoing reasons, the Court DENIES Plaintiff's motion to strike (Dkt. # 968), DENIES Defendant's motion to sever (Dkt. # 976), and GRANTS Plaintiff's motion to consolidate (Dkt. # 963). Plaintiff's motion for relief from deadline to conduct discovery (Dkt. # 967) is DENIED as moot. The instant action is hereby CONSOLIDATED and MERGED with

*Cascade Yarns, Inc. v. Knitting Fever, Inc., et. al.*, C13-674RSM. All future pleadings and orders regarding these cases will be filed under *Cascade Yarns, Inc. v. Knitting Fever, Inc., et. al.*, C10-861RSM. The Court will set a new trial date and related dates for the consolidated case to allow for a period of expedited discovery regarding Plaintiff's country of origin claims against KFI.

Dated this 13th day of November 2013.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE