UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KNITTING FEVER, INC., KFI, INC., DESIGNER YARNS, LTD., SION ELALOUF, JAY OPPERMAN, DEBBIE BLISS, EMMEPIEFFE SRL, and DOES 1-50,<br><br>Defendants,<br><br>v.<br><br>ROBERT A. DUNBABIN, SR., JEAN A. DUNBABIN, ROBERT A DUNBABIN, JR., and SHANNON M. DUNBABIN,<br><br>Third Party Defendants. | NO.  C10-861 RSM<br><br>ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES |

THIS MATTER arises upon Plaintiff's Motion for Relief from Deadlines to Disclose Reports from Expert Witnesses and Bring Motions Related to Discovery. Dkt. # 994. For the reasons set forth herein, the Court GRANTS Plaintiff's motion in part.

Background

Following the dismissal of its claims in the instant suit ("*Cascade I*"), Plaintiff Cascade Yarns, Inc. ("Cascade") filed Case No. C13-0674 ("*Cascade II*") against Defendant Knitting Fever, Inc. ("KFI") for its alleged failure to properly identify the country of origin on certain

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES - 1

yarns that it sells. In light of Cascade's indication through a motion for relief from deadline filed June 20, 2013 that it would seek to consolidate the two actions (s*ee* Dkt. # 950), the Court refrained from setting a scheduling order in *Cascade II* at that time. On November 13, 2013, the Court granted Cascade's motion to consolidate, struck the January trial date for KFI's claims in *Cascade I*, and denied KFI's motion for relief from deadline to sever country of origin counterclaims. Dkt. # 987. The Court's decision that consolidation was prudent was predicated on Cascade's representation to the Court that doing so would cause "only a modest delay" and would promote judicial efficiency. *See* Dkt. # 963, pp. 11-13; Dkt. # 987, p. 8. Following a status conference and after the parties failed to comply with the Court's instruction to submit a Joint Status Report (*see* Dkt. # 989), the Court entered a Scheduling Order on December 5, 2013, setting trial date and related dates. Dkt. # 992. As indicated in its order granting consolidation, the scheduling order set an expedited discovery schedule in light of the narrow discovery necessary for Cascade's single claim and in an effort to conserve judicial resources that have been over-extended in this long-protracted litigation.

  Cascade now moves the Court to substantially extend certain pre-trial deadlines and strike all others pending a desired further status conference in March, 2014. *See* Dkt. # 994. Cascade argues that it is being prejudiced in bringing its claim by the Court's expedited discovery schedule in light of the "necessity of international discovery and depositions." *See* Dkt. # 994, p. 2. Cascade moves the Court to continue both the November 20, 2013 deadline for disclosure of expert reports and the December 20, 2013 deadline for discovery-related motions to May 2014 "at the earliest." Dkt. # 994, p. 8. KFI agrees that extension of the expert report deadline to late January and the discovery-related motions deadline to late February is

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES - 2

appropriate. *See* Dkt. # 995. KFI disagrees that possible international discovery on the narrow issues remaining necessitates vacating the scheduling order in its entirety. *Id.* at pp. 4-5.

Analysis

Federal Rule of Civil Procedure 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court finds that good cause exists to extend the deadline for expert witness report disclosures to January 24, 2014, as this deadline had already lapsed when the Court's December 5, 2013 Scheduling Order was entered. The Court further finds that good cause follows to extend the discovery-related motions deadline in accordance with the expert reports deadline and the Court's standard scheduling practice to February 21, 2014.

In light of Cascade's representations to the Court about modest delay, the limited scope of discovery remaining, and in accordance with the Court's need to "secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and its "inherent authority to control its own docket and calendar," *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000), the Court does not find that Cascade's request to extend deadlines by nearly six months is reasonable. Given the unproductive history of past scheduling conferences, the Court is also not persuaded that a further scheduling conference will promote the efficient resolution of this action. In accordance with Cascade's request, the Court agrees to strike trial date and all other pre-trial deadlines. The parties are directed to submit a new Joint Status Report by February 3, 2014 with an agreed-upon trial date and remaining pre-trial deadlines. If the parties fail to agree

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES - 3

upon a pre-trial schedule, the Court will enter a new scheduling order in accordance with usual practice with a firm trial and related dates.

Conclusion

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion for Relief from Deadlines (Dkt. # 994) is GRANTED in part:

1) The November 20, 2013 deadline set in this Court's December 5, 2013 Scheduling Order is STRICKEN; reports from experts witnesses will be due <u>January 24, 2014</u>;

2) The December 20, 2013 deadline set in this Court's December 5, 2013 Scheduling Order is STRICKEN; motions related to discovery must be filed by <u>February 21, 2014</u> and noted on the motion calendar no later than the third Friday thereafter;

3) Trial date and all other pre-trial deadlines are STRICKEN.

4) The parties are directed to file a Joint Status Report by February 3, 2014. The Report should address the status of discovery and include an agreed upon proposal for a new trial date and related dates.

Dated this 20th day of December 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART MOTION FOR RELIEF FROM DEADLINES - 4