UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington Corporation<br><br>Plaintiff,<br><br>v.<br><br>KNITTING FEVER, INC., KFI, INC., DESIGNER YARNS, LTD., SION ELALOUF, JAY OPPERMAN, DEBBIE BLISS, EMMEPIEFFE SRL, and DOES 1-50,<br><br>Defendants,<br><br>v.<br><br>ROBERT A. DUNBABIN, SR., JEAN A. DUNBABIN, ROBERT A DUNBABIN, JR., and SHANNON M. DUNBABIN,<br><br>Third Party Defendants. | NO. C10-861 RSM<br><br>ORDER GRANTING MOTION FOR ISSUANCE OF LETTERS ROGATORY |

THIS MATTER comes before the Court upon Motion by Plaintiff Cascade Yarns, Inc. ("Cascade") for Issuance of Letters Rogatory. Dkt. # 993. Cascade seeks international judicial assistance in order to obtain documents and testimony from third-parties in Spain and Italy. *See* Dkt. # 993, Ex. 4, 5. Having reviewed Cascade's motion and support declaration, response by Defendants, and pleadings and files herein, and for the reasons sets forth below, the Court GRANTS Cascade's motion.

ORDER GRANTING ISSUANCE OF LETTERS ROGATORY - 1

On November 11, 2013, the Court granted Cascade's motion to consolidate the instant action with Case No. C13-0674. Cascade's consolidated claims against Defendant Knitting Fever, Inc. ("KFI") for mislabeling as to country of origin for Mondial and Katia branded yarns sold by KFI are the only claims for which discovery in this case is outstanding. Pursuant to Fed.R.Civ.P. 28(b) and the Hague Convention on the Taking of Evidence in Civil or Commercial Matters ("Hague Convention"), Cascade now seeks production of documents from and oral depositions of distributors of the accused yarns, Mondial in Italy and Katia in Spain. *See* Dkt. # 993. Cascade represents that this information is essential to demonstrate that the accused yarns were made in a country apart from their mailing addresses. *Id.* at, p. 2. Defendants Knitting Fever, Inc., KFI, Inc., Sion Elalouf, and Jay Opperman (collectively, "Defendants") have filed a response indicating that they do not oppose the motion but refrain from joining in it in view of the alleged futility of seeking pre-trial discovery of documents in Spain and Italy. *See* Dkt. # 999. Defendants represent that although Spain and Italy are both signatories to the Hague Convention, neither recognizes letters rogatory requesting pre-trial discovery. Id. at pp. 2-3.

Discovery from persons outside the United States is governed by Fed.R.Civ.P. 28 and, where applicable, the Hague Convention. The Hague Convention "prescribes procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationele Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 524 (1987). Neither party disputes that the United States, Spain, and Italy are all signatories to the Hague Convention. *See* Dkt. ## 993, p. 2; 999, p. 2. Defendants contend, however, that the requested issuance of Letters Rogatory is futile as Spain and Italy have both made reservations, in accordance with Article 23 of the Hague Convention, that they "will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in common-law countries." *See* Dkt. # 999, pp. 2-3.

The Hague Convention procedures are generally available to litigants whenever they facilitate the gathering of evidence by the means the Convention authorized. *Societe Nationale Industrielle Aerospatiale,* 482 U.S. at 541. In determining whether comity warrants use of the Hague Convention procedures, the Court may take into account factors such as: 1) the importance to the litigation of the information requested, 2) the degree of specificity of the request, 3) whether the information originated in the United States, 4) the availability of alternative means to secure the information, and 5) the extent to which noncompliance would undermine important interests of the United States or of the state where the information is located. *Id.* at 544, n. 28. *See also*, *In re Baycol Products Litigation*, 348 F.Supp.2d 1058, 1059 (D.Minn. 2004). This general comity analysis remains relevant even where the state in question has made an Article 23 reservation. As Justice Blackmun noted in a separate opinion, "the emerging view of [the Article 23] exception is that it applies only to requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court." *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 564-65 (Blackmun, J., concurring and dissenting)(internal quotation omitted). *See also*, *Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 254 F.Supp.2d 469, 475 (D.Del. 2003); *In re Baycol Production Litigation*, 348 F.Supp.2d at 1060.

In the instant case, the factors in the Court's comity analysis militate in favor of issuance of the Letters Rogatory. Cascade has specified the requested documents with sufficient particularity and has established to the Court's satisfaction that the information sought is important to the claims being litigated. Use of Hague Convention procedures is particularly relevant where, as here, discovery is sought from a non-party in a foreign jurisdiction. *See Tulip Computers Intern. B.V.*, 254 F.Supp.2d at 474. Whether the Letters Rogatory will be executed in light of Spain and Italy's Article 23 reservations is a matter for the appropriate Spanish and Italian tribunals, rather than this Court, to determine. *See In re Baycol Products Litigation*, 348

F.Supp.2d at 1061 (determining that "whether the Letter Request will be executed in light of Italy's Article 23 reservation…is best left to the appropriate Italian tribunal"); *Tulip Computers Intern. B.V.*, 254 F.Supp.2d at 475 (finding that if the requests are overly broad under the law of the Netherlands, they can be narrowed by the appropriate officials); *Lantheus Med. Imaging v. Zurich Am. Ins. Co.*, 841 F.Supp. 2d 769, 794 (S.D.N.Y. 2012)(explaining that "foreign courts charged with enforcing letters rogatory may limit enforcement of the discovery device where appropriate."). Issuance of the requested letters is also warranted on equitable grounds, as the Court has previously granted Defendants' request for issuance of Letters Rogatory to a non-party in Italy. *See* Dkt. # 557. Nonetheless, in light of the expedited discovery schedule set in this matter (*See* Dkt. ## 992, 998), the Court will entertain future challenges if the discovery sought results in unnecessarily protracted delay.

For the reasons stated herein, the Court hereby ORDERS that Cascade's Motion for Issuance of Letters Rogatory (Dkt. # 993) is GRANTED. Cascade may seek production of true and complete copies of documents from Katia S.A. and Mondial S.p.A. identified in Ex. A to the respective Letter Requests for International Judicial Assistance (Dkt. # 993, Ex. 3, 4) pursuant to Fed.R.Civ.P. 26(d)(1), Fed.R.Civ.P. 28, and applicable law and treaty. Cascade may also obtain the testimony of Katia S.A. and Mondial S.p.A. as described in the accompanying Letter Requests for International Judicial Assistance for use at trial. The Court shall sign the proposed Letters of Request and provide them to counsel.

Dated this 16th day of January 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE