UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>KNITTING FEVER, INC., KFI, INC., DESIGNER YARNS, LTD., SION ELALOUF, JAY OPPERMAN, DEBBIE BLISS, EMMEPIEFFE SRL, and DOES 1-50,<br><br>  Defendants,<br><br>  v.<br><br>ROBERT A. DUNBABIN, SR., JEAN A. DUNBABIN, ROBERT A DUNBABIN, JR., and SHANNON M. DUNBABIN,<br><br>  Third Party Defendants. | NO.  2:10-cv-861 RSM<br><br>ORDER ON MOTIONS FOR RELIEF FROM DEADLINES |

THIS MATTER comes before the Court upon Motion for Relief from Deadline to Bring Motions Related to Discovery (Dkt. # 1059) and Motion for Relief from Deadline to Submit Declarations in Opposition to Motion for Summary Judgment (Dkt. # 1060), both filed by Plaintiff Cascade Yarn, Inc. ("Cascade"). Having considered the parties' moving papers, the relevant record, and applicable case law, the Court denies Plaintiff's request for relief from discovery motions deadline and grants Plaintiff's request for relief from deadline to submit declarations.

ORDER ON MOTIONS FOR RELIEF FROM DEADLINES - 1

**Procedural Background**

Since the Court consolidated Cascade's claims filed in Case No. C-13-0674RSM with the instant case, the Court has twice modified the Scheduling Order in this matter at Cascade's request. *See* Dkt. ## 998, 1017. In its most recent Order granting Cascade's request for relief from deadlines, the Court recognized that a continuance of the discovery deadline and the deadline to bring discovery motions was warranted in light of the Court's prior decision to grant Plaintiff's request for issuance of letters rogatory (Dkt. # 1005). *See* Dkt. # 1017, p. 2. Cascade now represents that it anticipates discovery in Spain and Italy, pursuant to these letters rogatory, to be completed by the October 20, 2014 discovery deadline. However, Cascade anticipates that discovery of documents and deposition testimony with respect to yarn-manufacturers Katia and Mondial in Spain and Italy, respectively, will not be completed until the September 1, 2014 deadline for motions related to discovery has lapsed. The first of Cascade's instant motions for relief from deadlines accordingly moves the Court to extend the deadline for discovery-related motions to render it congruent with the close of discovery on October 20, 2014.

Cascade's second request for extension also concerns documents and testimony of Katia and Mondial regarding alleged manufacture of yarns at issue in this case, which Cascade contends are relevant to its Lanham Act and Consumer Protection Act claims. *See* Dkt. # 1060, p. 2. On May 22, 2014, with four months remaining in the discovery period, Defendants filed a Motion for Summary Judgment, seeking dismissal of all of Cascade's consolidated claims. Dkt. # 1049. In response, Cascade requested a continuance of summary judgment pursuant to Federal Rule of Civil Procedure 56(d) on the grounds that Cascade had not yet had the opportunity to discover information essential to its opposition. Dkt. # 1054. Cascade now moves the Court for

relief from the deadline for its opposition to KFI's summary judgment motion in order to file declarations concerning the production of documents and testimony of Katia and Mondial (Dkt. ## 1059-3, 1060-2) for consideration by the Court in connection with Cascade's request for Rule 56(d) continuance.

**Discussion**

Federal Rule of Civil Procedure 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge...." Fed. R. Civ. P. 16(b); *see also* LCR 16(b)(4). To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Although the court may consider prejudice to the opposing party, the focus of its inquiry is on the moving party's reasons for seeking modification. *Id.*

As to Cascade's first request for extension of the discovery motions deadline, the Court finds that Cascade's motion is premature and not supported by good cause. Cascade merely speculates about the possibility that discovery-related motions will arise after the deadline. Now, several weeks after the deadline has passed, no such dispute has been brought to the Court's attention. Further, the Court fully expects that the parties will honor their sound commitment to this Court to minimize discovery disputes, and that the good faith cooperation of the parties will preclude the need for the Court's intervention during the remaining weeks of the discovery period. In the unlikely and unfortunate event that such a dispute were to arise, the Court may consider Cascade's instant request in determining whether consideration of a discovery motion after the deadline is supported by good cause. *See, e.g.*, *Lozotte v. Praxair, Inc.*, 2009 WL

ORDER ON MOTIONS FOR RELIEF FROM DEADLINES - 3

159249, *1 n.1 (W.D. Wash. 2009) (finding that plaintiff had good cause to file untimely discovery motion because the conduct underlying it occurred after the deadline).

By contrast, the Court finds Cascade's motion for an extension of deadline in order to file untimely declarations to be supported by good cause. Cascade filed its Rule 56(d) request for continuance in response to KFI's motion for summary judgment, which was noted for June 13, 2014. *See* Dkt. ## 1049, 1054. Cascade's instant Motion for Relief from Deadline was not filed until July 30, 2014, a month and a half after the noting date. *See* LCR 7 (providing that "[t]he noting date is the date by which all briefing is complete and the matter is ready for the court's consideration"). Through the instant Motion, Cascade seeks to introduce declarations by Mr. Lorente Howell and Mr. Pravettoni, together with attached exhibits, which concern recent events in European discovery relevant to the disposition of Cascade's claims, on which KFI has moved for summary judgment dismissal. Cascade's untimely submission of these declarations is substantially justified, as the evidence that they concern did not exist at the time that Cascade filed its opposition brief, and it appears that Cascade diligently moved to supplement the record as soon as the evidence came to light. Further, this evidence directly concerns the propriety of the Court's resolution of KFI's summary judgment motion prior to the close of the discovery period and prior to the allegedly impending production of evidence concerning Katia and Mondial yarns.[1] The Court is mindful that public policy favors the disposition of matters on their merits and on the most complete available and admissible record. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (en banc); *Block v. Solis*, 2010

---

[1] In its opposition brief to the instant motion, KFI exclusively addresses whether Cascade has met its burden to satisfy the requirements for Rule 56(d) continuance, which is not presently before the Court. As KFI nowhere objects that Cascade's request for relief from deadline is not supported by good cause, KFI's opposition brief is entirely unresponsive. *See* Dkt. # 1063.

ORDER ON MOTIONS FOR RELIEF FROM DEADLINES - 4

WL 2079688, *9 (W.D. Wash. 2010) (granting leave to file untimely supplemental declaration). Accordingly, in the exercise of its discretion, the Court shall consider the supplemental declarations in ruling on KFI's summary judgment motion and Cascade's concomitant Rule 56(d) request for continuance.

**Conclusion**

For the foregoing reasons, the Court hereby ORDERS that Cascade's Motion for Relief from Deadline to Bring Motions Related to Discovery (Dkt. # 1059) is DENIED and Cascade's Motion for Relief from Deadline to Submit Declarations in Opposition to Motion for Summary Judgment (Dkt. # 1060) is GRANTED. Cascade may file the Declarations of Mr. Pravettoni and Mr. Lorente Howell, as well as attachments thereto, in support of its Opposition to Defendants' Motion for Summary Judgment.

DATED this 30 day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE