UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADE YARNS, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br> v.<br><br>KNITTING FEVER, INC., KFI, INC., DESIGNER YARNS, LTD., SION ELALOUF, JAY OPPERMAN, DEBBIE BLISS, EMMEPIEFFE SRL, and DOES 1-50,<br><br>    Defendants,<br><br> v.<br><br>ROBERT A. DUNBABIN, SR., JEAN A. DUNBABIN, ROBERT A DUNBABIN, JR., and SHANNON M. DUNBABIN,<br><br>    Third Party Defendants. | NO. 2:10-cv-861 RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ANTISUIT INJUNCTION |

  THIS MATTER comes before the Court upon Motion for Temporary Restraining Order and Anti-Suit Injunction by Plaintiff Cascade Yarns, Inc. ("Cascade"). Dkt. # 1073. Defendants KFI have filed a brief in opposition, in accordance with Local Civil Rule 65(b)(5). *See* Dkt. # 1078. Neither party has requested oral argument, and the Court finds it unnecessary. Having considered the parties' briefs and corresponding declarations and exhibits, as well as the relevant record and case law, the Court denies Cascade's Motion for the reasons stated herein.

ORDER ON MOTION FOR TRO AND ANTI-SUIT INJUNCTION - 1

# PROCEDURAL BACKGROUND

On January 17, 2014, the Court issued two Letters Rogatory, one of which was directed to the Spanish central authority requesting production of documents from Fil Katia, S.A. ("Katia"), and the other directed to the Italian central authority requesting production of documents from Lane Mondial S.p.A. ("Mondial"). *See* Dkt. # 1005. In doing so, the Court addressed KFI's contention that issuance of letters rogatory would be futile in light of Spain and Italy's reservations in accordance with Article 23 of the Hague Convention. The Court explained that "[w]hether the Letters Rogatory will be executed in light of Spain and Italy's Article 23 reservations is a matter for the appropriate Spanish and Italian tribunals, rather than this Court, to determine." *Id.* at p. 3.

In July 2014, tribunals in Spain and Italy issued orders directing production of documents by Katia and Mondial, prompting KFI's counsel to request permission to participate in these foreign proceedings in order to remind the tribunals of the purported effect of their jurisdiction's Article 23 reservations. *See* Dkt. # 1079 (Slavitt Decl.), ¶¶ 6-9. On October 6, 2014, KFI filed a motion for reconsideration of the Italian tribunal's order pertaining to Mondial's production. Dkt. # 1074 (Guite Decl.), Ex. D; *see also id.* at Ex. G. Meanwhile, it appears that the scheduled production of testimony and documents has not occurred. Cascade asserts that KFI's motion for reconsideration of the Italy tribunal's July 2, 2014 order "thwarted the document production and examination of Mondial." Dkt. # 1073, p. 4. Katia remains obligated to produce documents on October 13, 2014, and its witness is set to be deposed on October 27. Guite Decl., Ex. E.

# ANALYSIS

Through the instant Motion, Cascade seeks to enjoin KFI's further participation in the Spanish and Italian proceedings in order to allow discovery related to Katia and Mondial to move forward. Specifically, Cascade moves the Court to require KFI to withdraw its motion for reconsideration filed on October 6, 2014 in the Italian tribunal and to preclude KFI from filing a motion or objection in the Spanish tribunal seeking to similarly halt Katia's production. *See* Dkt. # 1073, pp. 9, 10. KFI has filed an opposing brief in which it asserts that Cascade has neither met the standard for issuance of a temporary restraining order nor an anti-suit injunction. The Court agrees.

The purpose of a temporary restraining order is to maintain the status quo until the hearing on an application for the underlying preliminary injunctive relief. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction. *Zynga, Inc. v. Vostu USA, Inc.*, 2011 WL 3516164 (N.D. Cal. 2011). To obtain a preliminary injunction, a party must ordinarily demonstrate (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052 (9th Cir. 2010). Further, mandatory as opposed to prohibitory injunctions are particularly disfavored and "are not granted unless extreme or very serious damage will result." *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011). Mandatory injunctions are those that

"order[] a responsible party to take action," as opposed to prohibiting a party from taking action in order to preserve the status quo. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009).

The standard is different where an injunction is sought to prevent a party from litigating similar claims in a foreign court. *Microsoft Corp. v. Motorola, Inc.*, 871 F.Supp.2d 1089, 1088 (W.D. Wash. 2012). To obtain such an anti-suit injunction, the applicant is not required to show a likelihood of success on the merits of the underlying claim. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 991 (9th Cir. 2006). The court instead assesses three factors in determining the propriety of an anti-suit injunction: (1) whether or not the parties and the issues are the same in the domestic and foreign action, and whether or not the first action is dispositive of the action to be enjoined, (2) whether at least one of the "*Unterweser* factors"[1] applies, and (3) whether the injunction's impact on comity would be "tolerable." *Microsoft v. Motorola*, 696 F.3d 872, 881 (9th Cir. 2012).

As to Cascade's request for a temporary restraining order, Cascade has failed to make the requisite showing that such relief is warranted. "[P]laintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction." *Alliance for the Wild Rockies*, 632 F.3d 1127, 1135 (9th Cir. 2011). Cascade has failed to show, or indeed even to argue, that irreparable harm would ensue absent immediate injunctive relief. Rather, the only prejudice that Cascade suggests it will endure if KFI's

---

[1] The *Unterweser* factors assess whether the foreign litigation would (1) frustrate a policy of the forum issuing the injunction, (2) be vexatious or oppressive, (3) threaten the issuing court's *in rem* or *quasi in rem* jurisdiction; or (4) whether the proceeding prejudice other equitable considerations. *Microsoft Corp. v. Motorola*, 696 F.3d at 882, quoting *Gallo*, 446 F.3d at 990.

ORDER ON MOTION FOR TRO AND ANTI-SUIT INJUNCTION - 4

participation in the foreign proceeding is not restrained is that it may be forced to reschedule production after the close of discovery. Such harm is certainly not irreparable, as a motion to extend discovery deadlines may provide a remedial avenue. To the extent that Cascade argues that the foreign tribunal's reconsideration of its orders regarding Katia and Mondial production could result in irreparable harm, such an argument is also unavailing. Should either of the foreign tribunals recant on its issuance of discovery orders at KFI's prompting, such a decision would be owing to the foreign tribunal's interpretation of the law of its jurisdiction and not owing to KFI's actions in themselves.

Further, Cascade has failed to meet the heightened burden for issuance of mandatory injunctive relief. In addition to asking the Court to prohibit KFI from future filings in the Spanish and Italian tribunals, Cascade moves the Court to compel KFI to withdraw its already filed motion for reconsideration. To prevail on this latter request for mandatory injunctive relief, Cascade must show that extreme or very serious damage will otherwise result. *See Park Village*, 636 F.3d at 1160. As discussed *supra*, Cascade has failed to show that any irreparable harm will result absent the requested relief, not to mention extreme or very serious damage.  Nor has Cascade shown that the requested injunction would thwart any damage that could occur. As the Court has already made clear, the question of whether execution of the Letters Rogatory accords with Spain and Italy's commitments under the Hague Convention is properly before these foreign tribunals and not the instant Court. *See* Dkt. # 1005. Cascade has not shown that removing KFI's filings from these tribunals' docket would prevent them from assessing the propriety of their discovery orders.

ORDER ON MOTION FOR TRO AND ANTI-SUIT INJUNCTION - 5

As to the merits of Cascade's request for anti-suit injunctive relief, Cascade has failed to show that the applicable factors weigh in favor of such an injunction.[2] As an initial matter, an anti-suit injunction is not the proper vehicle for the relief that Cascade requests. Courts may enter anti-suit injunctions to prevent parties over which they have jurisdiction from pursuing an action in a foreign court, where, for instance, it would frustrate a policy of the domestic forum or be vexatious or oppressive. *See Gallo*, 446 F.3d at 989-90. The effect of such an injunction is to enjoin the foreign litigation from proceeding. *See id.*; *Microsoft Corp.*, 696 F.3d at 882. Here, Cascade does not at all seek to enjoin the foreign actions. Just the opposite, it seeks to stop KFI's alleged meddling in order to allow these actions to proceed more efficiently. Because the relief that Cascade seeks is not properly cognizable as anti-suit injunctive relief, it is not surprising that none of the applicable factors tilts in Cascade's favor.

First, the action earlier filed in this Court is not dispositive of the actions to be enjoined. Rather, the Court in issuing the Letters Rogatory has already found that proceedings in an Italian and Spanish tribunal on their execution should precede the Court's disposition of the instant suit. Further, none of the *Unterweser* factors applies to the instant litigation. These factors ask whether the "foreign litigation" itself would, for instance, frustrate a policy of the forum or be vexatious or oppressive. *See Gallo*, 446 F.3d at 990. Here, the foreign litigation is proceeding pursuant to the Court's issuance of Letters Rogatory and thus cannot be understood to frustrate a policy of this forum or be vexatious or oppressive. As to the specific portions of the foreign litigation that Cascade seeks to enjoin, consideration of the application of these jurisdictions'

---

[2] Cascade, via a "status update," has moved the Court to strike assertions made by KFI regarding the execution (or lack thereof) of its own Letter Rogatory in Italy. *See* Dkt. # 1080. As KFI promptly filed a correction to these contested statements, Dkt. # 1081, Cascade's request is moot.

Article 23 reservations will not frustrate a policy of this Court, which has already deferred to the foreign tribunals on this issue. Nor is such consideration vexatious or oppressive. In the unlikely event that the foreign tribunals were to reconsider their discovery orders, they would be doing so in accordance with their own national laws and policies.

The Court is not unsympathetic to Cascade's concerns that KFI's actions in Spain and Italy may be unduly delaying disposition of the underlying matter in this Court. The Court has oft instructed the parties to work together to ensure the efficient production of discovery pursuant to its issuance of Letters Rogatory in order to avoid the need to once again reschedule the trial date in this matter. However, an anti-suit injunction is not the proper resolution to what is essentially a discovery dispute. For the time being, the Court trusts that both parties will respect the decisions of the Italian and Spanish authorities on document and witness production and allow this case to proceed on target toward its long-delayed resolution on the merits.

## CONCLUSION

For the reasons stated herein, the Court hereby ORDERS that Cascade's Motion for Temporary Restraining Order and Anti-Suit Injunction (Dkt. # 1073) is DENIED.

Dated this 16th day of October 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE